## 61285. POUND v. AUGUSTA NATIONAL, INC.

SOGNIER, Judge.

Cilda Pound was attending a golf tournament conducted by appellee. An automobile parking lot was furnished by appellee for the convenience of persons attending the tournament. Appellant fell while walking through Parking Lot 1 and suffered injuries to her wrists, knees and coccyx. She filed suit against the owners of the golf course seeking special and general damages as a result of these injuries. The trial court granted summary judgment to appellee and Pound appeals.

The parking lot in question was large enough to hold 5,000 vehicles and was used only seven days of the year, during the tournament. It had two inch trenches, regularly spaced, for parking vehicles in lines. The unpaved surface of the lot was composed of grass, gravel and dirt, which had been mowed and leveled. Extra gravel (including stones up to one and one-half inches in diameter) had been spread in the lot from time to time to stabilize the soil so it would support automobile traffic. Two days prior to the incident there had been a heavy rain and the following day additional gravel had been spread and leveled to prepare for the next day's vehicular traffic.

The morning of the incident appellant was driven to Gate 4 by her daughter. Their vehicle was parked in Parking Lot 1 adjacent to

the gate where appellant subsequently fell; thus, appellant had walked across a portion of the parking lot earlier that day. Previous to the day of the incident, appellant had never been in this parking lot, although she had attended at least ten previous tournaments. At the time of appellant's injury, she was walking through the parking lot at approximately 2:00 p. m. to exit Gate 4. Gate 4 is an automobile entrance only, and while pedestrians may exit from it, there are other gates on the side of the parking lot which are provided expressly for pedestrian entrances and exits. A hard surface walkway from the golf course to those gates is also provided specifically for pedestrians. However, appellant chose to walk across the automobile parking lot rather than using the walkways provided for pedestrians.

Appellant testified that when she fell she was "on rocks," and "evidently I slipped on rocks." "I just went down and it was pretty quick and you just go down. But I know it was slick . . . the whole place when we are walking, we went around Mamie's Cabin and all that stuff and it was slick."

An expert for appellant testified that "the loose one and one-half inch crushed stone lying on the surface moves underfoot. This condition makes walking difficult and is a public hazard. The loose rocks could cause a person to slip or turn their ankle." He also testified that the parking area is unsafe for pedestrian traffic.

Appellant contends that the trial court erred in granting summary judgment to Augusta National and urges that the expert testimony creates a jury question as to appellee's negligence, particularly when the evidence must be construed most strongly against the movant. *Brooks v. Douglas,* 154 Ga. App. 54 (267 SE2d 495) (1980). Appellant was an invitee, and "[a]s to invitees on the premises of another, it is the duty of the owner to keep the premises, not in a reasonably safe condition, but in a *safe* condition." *Burger Barn v. Young,* 131 Ga. App. 828, 829, 830 (207 SE2d 234) (1974).

We recognize that the questions of whether or not an owner breached his duty of care to invitees, and whether an invitee exercised reasonable care for her own safety are normally for a jury, *Goldsmith v. Hazelwood,* 93 Ga. App. 466, 468 (92 SE2d 48) (1956), except in plain, palpable and undisputed cases where reasonable minds cannot differ as to the conclusion to be reached. *Mulligan v. Blackwood,* 115 Ga. App. 618, 620 (155 SE2d 680) (1967); *Sutton v. Sutton,* 145 Ga. App. 22, 26 (243 SE2d 310) (1978).

However, "[a] landowner is not an insurer of an invitee's safety." *Watson v. C. & S. Bank,* 103 Ga. App. 535, 536 (120 SE2d 62) (1961). The true ground of liability of the owner of property to an invitee who is injured thereon is the superior knowledge of the proprietor of the existence of a condition that may subject the invitee to an

unreasonable risk of harm. *Holtzclaw v. Lindsay,* 122 Ga. App. 703 (178 SE2d 561) (1970); *Sutton v. Sutton,* supra.

Appellant walked across the parking lot in daylight and had earlier walked across the same lot. She admitted that the ground was slick, and that she did not step in a hole or in water. She admitted that she knew she was walking on rocks as the rocks were readily apparent. Therefore, she had reasonable knowledge of the condition of the surface where she was walking. Under these circumstances, a duty devolved upon the invitee to exercise reasonable care for her own safety.

"As stated in *Hunt v. Thomasville Baseball Co.,* 80 Ga. App. 572, 573 (56 SE2d 828): 'The rules governing the land proprietor's duty to his invitee presuppose that the possessor knows of the condition and "has no reason to believe that they (his invitees) will discover the condition or realize the risk involved therein." 2 Restatement, Law of Torts, § 343. The basis of the proprietor's liability is his superior knowledge, and if his invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn him and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does and then by voluntarily acting in view of his knowledge, assumes the risks and dangers incident to the known condition.' Under the conditions here set out, a person acting in the exercise of ordinary care for his own safety should have been aware that such a hazard to walking . . . would be likely to exist, and should have accordingly exercised ordinary care to avoid it . . . Her means of knowledge being equal with that of the defendant, it follows that she has failed to show a right of recovery based upon the acts of negligence alleged." *Rogers v. Atlanta Enterprises,* 89 Ga. App. 903, 906-907 (81 SE2d 721) (1954); see also as to visible rocks, *Smith v. Shuman,* 135 Ga. App. 594 (218 SE2d 304) (1975).

Hence, in order for appellant to recover, two elements must exist: (1) fault on the part of the owner, and (2) ignorance of the danger on the part of the invitee, *Rogers,* supra, at 906. Despite the expert's testimony that the parking lot presented a danger to pedestrians, it is clear that appellant was not unaware of such danger when she walked across the parking lot.

Attendance at large sporting events often requires a proprietor to offer parking in an open field. In this case the proprietor leveled and stabilized the area with gravel to prevent vehicles from becoming stuck. Under such circumstances, pedestrians must assume some risk, or better stated, must exercise reasonable care for their own safety when walking on the gravel.

Appellant relies on *Alterman Foods v. Ligon,* 246 Ga. 620 (272 SE2d 327) (1980), for the proposition that where plaintiff presents

expert testimony regarding the material used on the surface in question, a jury question is presented. However, in *Alterman Foods,* the question of superior knowledge was not at issue and was not addressed. "Plaintiff's statements, taken in the light most favorable to her . . . show that she proceeded on the floor [parking lot] with full knowledge of its condition . . ." *Alterman Foods,* supra, at 625. We find no reason in the present case to hold that appellee had any superior knowledge.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

Decided March 20, 1981 —
Rehearing denied April 1, 1981.

*J. Samuel Choate, Jr.,* for appellant.
*William C. Calhoun, Patrick J. Rice,* for appellee.