## A91A1105. FLOOD v. CAMP OIL COMPANY.
### (411 SE2d 348)

Pope, Judge.

This appeal arises from the grant of summary judgment to defendant Camp Oil Company in a negligence action brought by plaintiff Virginia Flood for injuries she sustained when she slipped and fell at a convenience store operated by defendant. Plaintiff testified at her deposition that she went to the store to purchase gasoline for her car. She pulled up to a self-service pump island and then went into the store to pre-pay for the gasoline. It was raining and the concrete pavement on the premises was wet. As she walked from the pump toward her car with the nozzle in her hand she slipped and fell, sliding approximately three feet. She testified she was being careful because the water on the pavement "[looked] like it does at any service station. It . . . looked oily, you know, like it had something mixed in with it." Before she was transported to the hospital by ambulance her son arrived and, according to his affidavit, he observed a large quantity of an oily liquid on and around the pump island which he believed to be diesel fuel. Plaintiff claims she fell because defendant was negligent in failing to keep the premises free from the hazard caused by the diesel fuel mixed with water on the pavement.

Defendant presented the affidavit of the store manager who had been away from the store and drove up to the premises just before plaintiff fell. The manager went to assist plaintiff when she noticed plaintiff sitting on the pavement. According to the manager, she inspected the area where plaintiff had fallen and observed no foreign substance on the pavement. She also attested it was her practice to inspect the premises routinely and to clean up any spills seen by an employee or reported by a customer. On the day in question, she received no reports of spills or foreign substances on the grounds from either customers or employees. Plaintiff submitted the affidavit of the clerk on duty at the store on the day in question. The clerk had been at work for about two hours when plaintiff fell. According to the clerk, her primary responsibility was to operate the cash register inside the store and then to inspect and clean the fuel pump island when she was not otherwise occupied inside the store. On the afternoon in question, she had been too busy operating the cash register inside the store to inspect the fuel pump island. Immediately after plaintiff fell, however, she received reports from several customers that fuel was spilled over the concrete near the pump island. According to the clerk, one of the fuel pumps "was always leaking on and off" and, when so informed by a customer, she would place a sign on the pump indicating it was out of order. Plaintiff's son also attested he had observed a large quantity of an oily liquid, which he believed to be diesel fuel, on and around the pump island at defendant's store

on a date prior to the day plaintiff fell.

The trial court granted summary judgment to defendant on the ground that the record shows plaintiff possessed knowledge of the allegedly dangerous condition equal to that of defendant. Plaintiff's statements concerning her observations of the condition of the pavement show she was aware the wet pavement was oily to the degree that wet pavement at any service station could be oily. In this case, however, plaintiff has alleged a particular hazard, in excess to that normally caused by rain water at a service station was created by diesel fuel leaking from a pump. No evidence was presented to show plaintiff had equal knowledge of this hazard. Thus, the facts of this case are distinguishable from those cases cited by the trial court in support of its conclusion that plaintiff is precluded from recovering because of her equal knowledge. See, e.g., *Kersey v. C. S. R. A. &c Auth.*, 195 Ga. App. 94 (392 SE2d 305) (1990) (in which plaintiff alleged no defect or foreign substance, but merely that defendant was negligent in sending her down a stairway while she was carrying a heavy load); *Gyles, Inc. v. Turner*, 184 Ga. App. 376 (361 SE2d 538) (1987) (in which plaintiff was aware of the discernible object which caused the hazard); *Harris v. Star Svc. &c. Co.*, 170 Ga. App. 816 (318 SE2d 239) (1984) (in which plaintiff knew he was traversing ice and snow accumulated on the premises of defendant gas station). A jury could conclude that the alleged hazard from a leaking diesel fuel pump on wet pavement was greater than the general hazard perceived by plaintiff. It could also conclude, then, that plaintiff's knowledge of the hazard was not equal to that the defendant had or, in the exercise of reasonable care, should have had. A finding that the plaintiff is precluded from recovering in a slip and fall case because of her own equal or superior knowledge of the hazard is, in essence, a finding that plaintiff's own negligence preponderated in causing the injury. Cf. *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980). "The trial court can conclude as a matter of law that the facts do or do not show negligence on the part of the defendant or the plaintiff only where the evidence is plain, palpable and undisputable." *Ellington v. Tolar Constr. Co.*, 237 Ga. 235, 237 (II) (227 SE2d 336) (1976). In our opinion, the issue of plaintiff's knowledge of the hazard alleged in this case is not so plain and indisputable that it may be decided as a matter of law.

Whether defendant is entitled to summary judgment then depends upon whether defendant presented sufficient evidence to show it had neither actual nor superior constructive knowledge of the alleged hazard. "The evidence of record would appear to be sufficient to show that [defendant] lacked *actual* knowledge of the [substance] prior to [plaintiff's] fall. Thus, the ultimate issue to be resolved is whether that evidence would also be sufficient to show that [defend-

ant] had no *constructive* knowledge of the foreign substance." *Food Giant v. Cooke*, 186 Ga. App. 253, 254 (1) (366 SE2d 781) (1988).

The evidence is undisputed that no employee of defendant was in the vicinity of plaintiff when she fell. " 'Thus, [plaintiff's] sole avenue of possible recovery is one in which constructive knowledge on the part of [defendant] is premised upon [defendant's] failure to exercise reasonable care in inspecting and keeping the premises in (a) safe condition. The (issue thus becomes whether the) [affidavit] executed by [defendant's manager negates] recovery of that theory.' " (Citations omitted.) Id. at 254-255. Even though the manager attested it was her practice to inspect the premises routinely, her affidavit does not indicate she inspected the premises at all on the day in question and thus proves nothing. Id. See also *Hamner v. Emory Univ.*, 190 Ga. App. 788 (380 SE2d 83) (1989). Even the undisputed fact that no customer or employee had reported the existence of a foreign substance on the pavement on the day in question would not authorize the grant of summary judgment if, as plaintiff alleges, defendant knew of the propensity of one of its pumps to leak. "The issue is whether, under the existing circumstances, [defendant's] failure to have discovered the specific foreign substance prior to [plaintiff's] fall was the result of the breach of [defendant's] legal duty to inspect the premises. If so, an inference would arise from that breach of [defendant's] constructive knowledge of the presence of the [foreign substance on the pavement]." *Food Giant*, supra at 255.

"The burden was, of course, on [defendant] as movant on motion for summary judgment to negate this theory of liability by presenting evidence that it had in fact exercised reasonable care in inspecting the premises. Inasmuch as the evidence submitted by [defendant] on this issue failed to establish that any inspection at all had been made on the day in question, we must conclude that this burden of proof was not met. Thus, the burden never shifted to [plaintiff] to produce evidence that the [foreign substance] had been present on the pavement . . . for a period of time sufficient to have been discovered by a reasonable inspection procedure. [Cits.] Although the burden would be on [plaintiff] to present such evidence at trial in order to establish a prima facie case based on the constructive knowledge theory, '(o)n a motion for summary judgment, the burden of establishing the non-existence of any genuine issue of fact is upon the moving party . . . even as to issues upon which the opposing party would have the trial burden. . . .' [Cit.] Therefore, we hold that the trial court erred in granting [defendant's] motion for summary judgment." *Boss v. Food Giant*, 193 Ga. App. 434, 436 (388 SE2d 37) (1989). See also *Parker v. Food Giant*, 193 Ga. App. 337 (387 SE2d 615) (1989).

*Judgment reversed. Birdsong, P. J., and Cooper, J., concur.*

454

*William U. Hyden, Jr., Samuel C. Finster, Sr.,* for appellant.
*Shaw, Maddox, Graham, Monk & Boling, Julius Peek, Jr.,* for appellee.