A91A2071. BARKSDALE v. NUWAR.
(416 SE2d 546)

BEASLEY, Judge.

While employed by a catering company to work at a social function at Nuwar's home, Barksdale was injured when a patio deck on which he was standing pulled away from the house and collapsed to the ground. He sued the contractors who built the deck and Nuwar for his injuries. He appeals the grant of summary judgment in favor of Nuwar.

In support of his summary judgment motion, Nuwar averred that he had no training or information concerning the construction of a deck; that he had inspected the deck prior to accepting the house which had been built for him, and that it "appeared to be well constructed and sound." He "noticed nothing wrong with it." After its collapse, the deck was inspected by the chief building inspector for Fulton County, who determined that it had not been constructed in conformity with building code requirements and that its collapse was due to faulty construction. He conceded that "it would appear to the

average untrained eye to be an acceptable deck." It was his opinion that, had the deck been constructed in conformity with building code requirements, it would have been capable of simultaneously holding 110 people. Plaintiff deposed that approximately 25 to 30 people and some lightweight outdoor furniture, a table, and party supplies, were on the deck when it collapsed, and that the maximum number of people at any one time was 40.

Since plaintiff entered the premises for purposes connected with the business of the homeowner, he occupied the status of invitee. As to such, the owner has a duty to exercise ordinary care in keeping the premises safe. OCGA § 51-3-1; *Abney v. London Iron &c. Co.*, 152 Ga. App. 238 (1) (g) (262 SE2d 505) (1979), aff'd 245 Ga. 759 (267 SE2d 214) (1980). This includes "a duty to inspect the premises to discover possible dangerous conditions of which he does not know and to take reasonable precautions to protect the invitee from dangers which are foreseeable from the arrangement and use of the premises." *Begin v. Ga. Championship Wrestling*, 172 Ga. App. 293, 294 (322 SE2d 737) (1984), citing Prosser, Law of Torts (4th ed.) 393, § 61. The true ground of liability in such a relationship is the superior knowledge of the proprietor of the existence of a condition that may subject the invitee to an unreasonable risk of harm. *Pound v. Augusta Nat.*, 158 Ga. App. 166, 167 (279 SE2d 342) (1981).

Nuwar had no actual knowledge of the construction defect, and he established a lack of actionable constructive knowledge by demonstrating that he was incapable of discovering it by means of reasonable inspection. Although plaintiff argues that defendant should have had the deck thoroughly inspected by competent professionals prior to its use in accommodating a large number of people, " '(a) landowner is not an insurer of an invitee's safety.' [Cit.]" Id. at 167. The law only requires such diligence toward making the premises safe as the ordinarily prudent person in such matters is accustomed to use. *Begin*, supra at 294.

*Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991), held that "[a] defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions, and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e)." Id. at 491. Normally it is for a jury to determine whether an owner has exercised ordinary care in keeping the premises safe for those invited thereon, *DeKalb County Hosp. Auth. v. Theofanidis*, 157 Ga. App. 811, 812 (1) (278 SE2d 712) (1981), except in plain and palpable cases

where reasonable minds cannot differ as to the conclusions to be reached.

The homeowner has established as a matter of law that he discharged the duty of ordinary care owed to the invitee. Summary adjudication in his favor was authorized.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED MARCH 4, 1992.

*Lokey & Bowden, G. Melton Mobley,* for appellant.

*Swift, Currie, McGhee & Hiers, Stephen L. Cotter, Eric D. Miller, Chambers, Mabry, McClelland & Brooks, Rex D. Smith,* for appellee.