### A92A1650. WILKERSON v. CHARLES W. BELL & ASSOCIATES, P.C.
(423 SE2d 711)

CARLEY, Presiding Judge.

As she began to descend the three steps leading from the porch of appellee-defendant's place of business, appellant fell. In her complaint seeking to recover for injuries sustained in the fall, she alleged "that as her right foot c[a]me in contact with the board on the edge of the porch, . . . the board tipped or dropped suddenly downward a fraction of an inch tending to throw her off balance . . . and she was thrown or tossed violently down the steps. . . ." Appellee answered and, after discovery, moved for summary judgment based upon its lack of superior knowledge of the loose board. The trial court granted appellee's motion, and appellant appeals.

Appellee's evidence shows that, prior to appellant's fall, none of its officers, employees or clients had notice or knowledge of any defective condition on the porch or, specifically, notice or knowledge that the porch contained a loose board. Moreover, appellee's evidence also showed that when certain boards had been replaced and the porch repainted a few weeks prior to appellant's fall, no defective or dangerous conditions and no loose boards at the edge of the porch near the stairs had been found. In her deposition, appellant testified that she had always stepped in the same place when descending the steps on previous visits to appellee's office, that she had stepped on the same board before and it had never moved, and that, when she stepped on the board just before falling, it "went down a little bit."

"The acts of negligence here complained of were of maintenance, and the case should not be confused with cases where the negligence complained of was improper construction which makes the person charged with liability liable whether he knew of the defects in original construction or not. [Cits.] When the defective condition is one of such character that reasonable and prudent men may reasonably differ as to whether an accident could or should have been reasonably anticipated from its existence or not, then the case is generally one for the jury; but when, as in this case, the defect, if any, was so *slight* that no careful or prudent man would reasonably anticipate any dan-

ger from its existence, but still an accident happened which could have been guarded against by the exercise of extraordinary care and foresight, the question of the defendant's responsibility is one of law. [Cits.] . . . [I]n the absence of actual knowledge of the condition of the [board], . . . it would seem that to require [appellee] in inspecting the steps to '[determine whether any board on the porch could move a "little bit," or a "fraction of an inch"],' in order to ascertain if, contrary to appearances, the steps were in fact in a dangerous and unsafe condition, would be to demand the exercise of a most extraordinary degree of diligence." (Emphasis supplied.) *McCrory Stores Corp. v. Ahern*, 65 Ga. App. 334, 337, 340 (15 SE2d 797) (1941). "If [the edge of the porch] appeared safe to [appellant] under these circumstances, it must have appeared safe to [appellee], despite the conclusion of [appellant] that the existence of a defect could have been ascertained by [appellee] by an inspection." *McCarthy v. Hiers*, 81 Ga. App. 365, 367 (59 SE2d 22) (1950). "Ordinary diligence, under such circumstances and the facts of this case, did not require an inspection where [appellee] had no reason to think an inspection was necessary. [Cits.]" *Roberts v. Wicker*, 213 Ga. 352, 356 (99 SE2d 84) (1957). See also *Cuthbert v. Schofield*, 35 Ga. App. 443 (1) (133 SE 303) (1926); *Williamson v. Kidd*, 65 Ga. App. 285 (15 SE2d 801) (1941).

"The fact of the additional allegation that there was no guardrail or banisters on the outdoor step[s] did not change the situation so as to create a dangerous situation and reasonable care did not require [appellee] to prevent or remedy the condition." *Butler v. Jones*, 85 Ga. App. 158, 163 (2) (68 SE2d 173) (1951). Moreover, "[a]ppellant knew as she ascended and descended the steps that there was no handrail. . . ." *Motes v. 6 'S' Co.*, 186 Ga. App. 67 (366 SE2d 358) (1988). Although appellant alleged that the sidewalk was uneven, any unevenness in the sidewalk did not cause appellant's fall. See generally *Boyd v. Garden Center*, 197 Ga. App. 198, 200 (3) (397 SE2d 626) (1990). Moreover, appellant had equal knowledge of the sidewalk's condition. Compare *Atkinson v. Kirchoff Enterprises*, 181 Ga. App. 139, 140 (351 SE2d 477) (1986).

"Each potential theory of recovery having been nullified by appellant's [complaint and] deposition and the affidavits submitted, it was not error to grant summary judgment to [appellee]." *Filmore v. Fulton-DeKalb Hosp. Auth.*, 170 Ga. App. 891, 893 (318 SE2d 514) (1984).

*Judgment affirmed. Pope and Johnson, JJ., concur.*

DECIDED OCTOBER 9, 1992.

*David H. Fritts*, for appellant.

*Brannen, Searcy & Smith, Joseph J. Berrigan*, for appellee.