A94A1413. TALTON et al. v. PERIMETER PLACE
ASSOCIATES, L. P.
(448 SE2d 241)

ANDREWS, Judge.

On December 9, 1992, plaintiffs/appellants Johnnie and Edford Talton filed suit against Perimeter Place Associates for injuries Johnnie Talton claimed to have received when she fell from a bench at the defendant's Perimeter Place Shopping Center on August 29, 1991. The injuries occurred when the bench Talton sat on tipped on its end, causing her to fall on the sidewalk. Talton's husband, Edford, sued for loss of consortium.

On September 15, 1993, Perimeter Place filed a motion for summary judgment arguing that it had no superior knowledge of the allegedly defective condition of the bench. With the motion, Perimeter Place filed the affidavit of Francis Lott, who was the general partner and managing agent of Perimeter Place and partner in Lott Properties. Lott stated that on the date of the incident, the shopping center was managed by Lott Properties. Lott recalled that the subject bench was placed at the shopping center around June 1991, by a company named Quick Sign. The bench displayed various advertisements on it and Quick Sign paid no compensation for its placement.[1] Lott stated that between the time the bench was placed at Perimeter Place and Talton's accident, neither Perimeter Place nor Lott Properties re-

---

[1] Appellee asserts here that the Taltons have filed a products liability action against the manufacturer of the bench, though there is no evidence in the record before us to support this assertion.

ceived notice of any problems with the bench or accidents involving it. He stated that because no notice was received of problems with the bench, no inspection of the bench was conducted.

The trial court granted Perimeter Place's motion and the Taltons appeal. In two enumerations of error, they claim that the trial court erred in granting summary judgment and determining first that Perimeter Place met its duty of inspecting the premises and secondly, that Perimeter Place lacked constructive knowledge of the bench's defects so as to alert it to inspect the bench. In support of their position they cite several cases including, *Begin v. Ga. Championship Wrestling*, 172 Ga. App. 293 (322 SE2d 737) (1984); *Barksdale v. Nuwar*, 203 Ga. App. 184 (416 SE2d 546) (1992); and *Thompson v. Regency Mall Assoc.*, 209 Ga. App. 1 (432 SE2d 230) (1993).

The Taltons also rely on Lott's deposition testimony in which he stated that he was responsible for maintenance of the common areas of the shopping center. To that end, he inspected the premises by walking the sidewalk, driving through the parking lot and talking to the tenants about once a week. Lott stated that although he had not been notified of any defects with, or accidents caused by the bench, he concluded after the subject incident that the design of the bench combined with Mrs. Talton's weight caused the accident. Lott testified: "[t]he legs of the bench are simply too close to the center of the bench; they're not on the end. They're quite a distance from the end of the bench and as such someone sitting on the end of the bench could very well just make it act like a seesaw." He stated that this condition would be obvious to an observer.

The deposition of Mrs. Talton is included in the materials before us. In it, she stated that the bench "looked like a nice bench" to her, that it looked like all other benches, and therefore she sat on it. She did not examine the bench before sitting down. When she sat on one end of it, the bench tilted up and she slid off onto the sidewalk. Mrs. Talton stated that at the time of the incident, she weighed approximately 260 pounds.

"An occupier of premises is under a duty to inspect the premises to discover possible dangerous conditions of which he does not know and to take reasonable precautions to protect the invitee from dangers which are foreseeable from the arrangement and use of the premises. An invitee enters upon the premises under an implied representation, or assurance, that the land has been prepared and made ready and safe for his reception. . . . An occupier of land is ordinarily allowed a reasonable time to exercise care in inspecting and keeping the premises in a safe condition. However, an occupier is under no duty to continuously patrol the premises to discover defects.

"The invitee also must exercise ordinary care for her safety and must by the same degree of care avoid the effect of the proprietor's

negligence after it became apparent, or in the exercise of ordinary care should have learned of the defect." (Citations and punctuation omitted.) *Begin,* supra at 294; see generally *Alterman Foods v. Ligon,* 246 Ga. 620, 622 (272 SE2d 327) (1980).

In the instant case, there was no evidence that Perimeter Place ever received notice that the benches were unsafe, nor was there any evidence of prior accidents. It is undisputed that Perimeter Place lacked actual knowledge of the alleged hazard. Thus, the issue becomes whether Perimeter Place had superior constructive knowledge of the defect. *Flood v. Camp Oil Co.,* 201 Ga. App. 451 (411 SE2d 348) (1991). "[P]laintiff's sole avenue of possible recovery is one in which constructive knowledge on the part of defendant is premised upon defendant's failure to exercise reasonable care in inspecting and keeping the premises in a safe condition." (Punctuation omitted.) Id. at 453.

Again, we conclude that Perimeter Place breached no duty by failing to discover the alleged defect. Prior to the accident here, there was no reason for Perimeter Place to suspect that there was any problem with the bench. There is no evidence that Perimeter Place failed to exercise reasonable care in inspecting and keeping the premises in a safe condition. "A landowner is not an insurer of an invitee's safety." (Punctuation omitted.) *Barksdale,* supra at 185. Thus, despite the fact that the acts of negligence alleged here are of design, we find that "[o]rdinary diligence, under such circumstances and the facts of this case, did not require an inspection where appellee had no reason to think an inspection was necessary." *Wilkerson v. Charles W. Bell & Assoc.,* 205 Ga. App. 779, 780 (423 SE2d 711) (1992); see generally *Young v. Wal-Mart Stores,* 209 Ga. App. 199 (433 SE2d 121) (1993). The trial court did not err in granting the motion for summary judgment.

*Judgment affirmed. Beasley, P. J., and Johnson, J., concur.*

DECIDED AUGUST 12, 1994 —
RECONSIDERATION DENIED AUGUST 25, 1994.

*Hughes & Hobby, David T. Hobby, John T. Croley, Jr.,* for appellants.

*Long, Weinberg, Ansley & Wheeler, Quinton S. Seay,* for appellee.