A94A2107. BALLARD v. SOUTHERN REGIONAL MEDICAL CENTER, INC.
(453 SE2d 123)

BEASLEY, Chief Judge.

Ballard went to Southern Regional Medical Center to correct an error on the records concerning a broken toe he had suffered two days earlier. While walking down a hallway he supported himself by using a handrail mounted to the wall. The handrail pulled out from the wall and Ballard fell and was injured. He sued Southern Regional, alleging that its negligent inspection and maintenance of the handrail caused his injuries. The court granted Southern Regional's motion for summary judgment and Ballard appeals.

1. It is not disputed that Southern Regional's duty to keep its premises reasonably safe included a duty to keep the handrail in good repair. "Having undertaken to provide a handrail, [Southern Regional] was obligated to maintain it non-negligently. [Cit.] '(A) business invitee may reasonably assume that the furnishings upon business premises, when they present no obvious hazard, are safe for the use for which they apparently were intended; and ordinary care requires a business proprietor, who has the opportunity to discover the condition of furnishings he places on the premises, to ascertain that they are safe for use under the conditions contemplated.' [Cit.] Accordingly, if [Southern Regional], in the exercise of ordinary care, knew or should have known that its handrail was loose and if, but for the loose handrail, [Ballard] would [not have fallen], [Southern Regional] may be found liable for appellant's injuries. '(T)he rule . . . is that if the defendant, by the exercise of ordinary care, could have discovered the defect causing the injury, he will be liable for a failure to warn invitees coming upon the premises of such defect even though he did not actually know of its existence, where such defect proximately contributes to the injury.' [Cit.]" *Spencer v. Little Brownie Properties,* 203 Ga. App. 324, 325 (416 SE2d 851) (1992).[1] Ballard testified that the handrail did not look defective before the accident; he gave no testimony to the effect that it felt loose before it pulled from the wall "like an explosion."

---

[1] Summary judgment for defendant was reversed in *Spencer* because it was premised on the plaintiff's lack of knowledge as to the cause of the initial loss of footing which prompted her use of the handrail. The opinion did not discuss the evidence insofar as it related to defendant's opportunity to discover the defective condition and remedy it.

Southern Regional contends that summary judgment was proper because no evidence was presented that it had any superior knowledge of a dangerous condition concerning the handrail.[2] The principle of equal or superior knowledge is not limited to slip and fall cases, but "applies to 'static' defective or dangerous conditions on property. [Cit.]" *Ga. Ports Auth. v. Hutchinson*, 209 Ga. App. 726, 727 (2) (434 SE2d 791) (1993). " ' " 'The true ground of liability is the proprietor's *superior knowledge* of the perilous instrumentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is *known to the owner . . .* and *not known to the person injured* that a recovery is permitted.' (Emphasis in original.) (Cit.)" (Cit.)' [Cit.]" *Westbrook v. M & M Supermarkets*, 203 Ga. App. 345 (1) (416 SE2d 857) (1992). See *Alterman Foods v. Ligon*, 246 Ga. 620, 622 (272 SE2d 327) (1980); *Sarantis v. Kroger Co.*, 201 Ga. App. 552 (411 SE2d 758) (1991).

There was no evidence that Southern Regional was actually aware the handrail was defective, but liability can also be founded on constructive knowledge. *Flood v. Camp Oil Co.*, 201 Ga. App. 451, 452 (411 SE2d 348) (1991). There was no evidence that any employee of appellee in the immediate vicinity could easily have noticed the dangerous condition. See *Madaris v. Piggly Wiggly Southern*, 205 Ga. App. 405, 406-407 (2) (422 SE2d 273) (1992). " ' "Liability based on constructive knowledge may *also* be established by showing that the owner failed to exercise reasonable care in inspecting the premises, but recovery under that approach requires proof of the length of time the dangerous condition was allowed to exist. (Cits.)" (Emphasis supplied.) (Cit.)' [Cit.]" *Thompson v. Regency Mall Assoc.*, 209 Ga. App. 1, 3 (1) (432 SE2d 230) (1993). This is so because " '[w]ithout such (proof) it would not be possible to determine whether the defendant had been afforded a reasonable time within which to inspect and remove the hazard.' [Cit.]" *Winn-Dixie Stores v. Hardy*, 138 Ga. App. 342, 345 (4) (226 SE2d 142) (1976).

Matthew Henry, safety coordinator of Southern Regional, stated in an affidavit that its employees "constantly monitor and inspect [the] physical plant." The affidavit does not state what that monitoring and inspection entails and does not state when the handrail in question was last inspected before the accident. It does state that Henry had no actual knowledge that the handrail was defective.

---

[2] " " 'The acts of negligence here complained of were of maintenance, and the case should not be confused with cases where the negligence complained of was improper construction which makes the person charged with liability liable whether he knew of the defects in original construction or not. (Cits.)' " *Wilkerson v. Charles W. Bell & Assoc., P.C.*, 205 Ga. App. 779 (423 SE2d 711) (1992). Ballard amended his complaint to include a claim of negligent installation but later dismissed that claim.

Ballard argues that Henry's affidavit does not show any reasonable inspection procedure. It only states that the hallway was "patrolled" on a continual basis, but gives no indication of when that was done or what measures were taken during the patrol to ensure that handrails were safe. Ballard also notes that after the accident, Southern Regional tightened another handrail near the one that gave way; he contends that the fact that this defect was also undiscovered prior to the accident shows the inspection procedure to be unreasonable. Even if the affidavit fails to establish reasonable inspection procedures, that alone does not preclude summary judgment.

Ballard cites *Food Giant v. Cooke*, 186 Ga. App. 253, 254-255 (1) (366 SE2d 781) (1988), for the proposition that, as movant, it is Southern Regional's burden to show by uncontroverted evidence that it had no constructive knowledge of a defective condition, and that only then would any burden be placed upon him to produce evidence of Southern Regional's constructive knowledge. He argues that Henry's affidavit is insufficient as a matter of law to meet Southern Regional's burden to produce evidence on this issue and he therefore has no burden. While Ballard's analysis of *Food Giant* is correct, *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991), held that "the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e)." As Southern Regional argued in support of its motion, on the issue of constructive knowledge of the defect there was an absence of evidence as to the period of time the condition existed. Compare *Duffee-Freeman, Inc. v. Knudsen*, 90 Ga. App. 111 (1) (82 SE2d 44) (1954), where there was evidence that the handrail appeared in a loosened state for more than a week.

Thus, even though Southern Regional did not produce conclusive evidence that it had employed reasonable inspection procedures, at trial Ballard would have the burden of demonstrating that the defect existed for a sufficient amount of time to allow a reasonable inspection to discover it in order to charge Southern Regional with constructive knowledge. The reason is that there is no duty to discover a defect which is not manifested until the incident causing injury. Southern Regional's duty to warn of or repair the defect arose if, by the exercise of ordinary care, it *could* have discovered the defect. *Spencer*, supra at 325. Proof on the issue is Ballard's burden and Southern Regional correctly pointed out that evidence of it was lacking. *Lau's Corp.*, supra.

2. Ballard also argues that he can recover under the doctrine of

res ipsa loquitur. It can only be applied in "cases where there is no evidence of consequence showing negligence on the part of the defendant. [Cits.]" *Southern Bell Tel. &c. Co. v. LaRoche,* 173 Ga. App. 298, 299 (1) (325 SE2d 908) (1985). Ballard did not advance res ipsa loquitur as a basis for recovery in his complaint or amended complaint; the doctrine is first mentioned in his brief in opposition to Southern Regional's motion for summary judgment. Southern Regional did not object to its introduction but instead responded to Ballard's arguments in its reply to Ballard's brief before the motion was heard, and in its brief here. The issue is before us.

" ' "The elements of the res ipsa loquitur doctrine are: ' "(1) injury of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; and (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff." ' (Cits.) Further, '(t)he accident must also be "of a kind which, in the absence of proof of some external cause, does not ordinarily happen without negligence." ' (Cit.) Moreover, ' "(r)es ipsa loquitur should be applied with caution and only in extreme cases; . . . it is not applicable when there is an intermediary cause which produced or *could* produce the injury, or where there is direct unambiguous testimony as to the absence of negligence by the defendant, or where there is no fair inference that the defendant was negligent." ' (Cit.)" (Cit.)' [Cit.]" *U. S. Fidelity &c. Co. v. J. I. Case Co.,* 209 Ga. App. 61, 64 (3) (432 SE2d 654) (1993).

Southern Regional argues that this is not the type of accident which ordinarily occurs only if someone is negligent. In *Ellis v. Sears Roebuck & Co.,* 193 Ga. App. 797, 798 (1) (388 SE2d 920) (1989), dealing with an accident on an escalator, we refused to apply res ipsa loquitur " 'for the reason that mechanical devices . . . get out of working order, and sometimes become dangerous . . . without negligence on the part of anyone. Any other ruling would make the occupier of premises an insurer.' " As explained in *Ellis,* supra at 798 (1), " '[t]he principal basis for application of the rule of res ipsa loquitur is that the occurrence involved would not have occurred (but for) negligence, and (this) negligence (may properly be) charged to the person in exclusive control of the instrumentality. (Cits.)' [Cits.]" Although the devices that failed here (the screws and brackets holding the handrail to the wall or the wall itself) are by no means as complicated as an escalator, they too can cease fulfilling their intended function and create a dangerous condition without someone's negligence. See also *Wilson v. Pickels,* 181 Ga. App. 293, 297-298 (a) (352 SE2d 208) (1986) (Beasley, J., dissenting) (door hinge failed); *Quick Shops v. Oldham,* 100 Ga. App. 551, 556 (1) (111 SE2d 920) (1959) (door spring overly forceful). As this is not a type of accident that ordinarily

occurs only because of negligence on the part of someone, the elements of res ipsa loquitur cannot be established and summary judgment was justified.

As noted in *Ellis*, supra, one caution against applying res ipsa loquitur in premises liability cases is the danger that it would make an occupier of a premises an insurer of the safety of invitees. See also *Darlington Corp. v. Finch*, 113 Ga. App. 825, 827 (149 SE2d 861) (1966); *Quick Shops v. Oldham*, supra. The principle that the occupier is not an insurer is frequently noted. See *Alterman Foods v. Ligon*, supra at 624; *Gaydos v. Grupe Real Estate Investors*, 211 Ga. App. 811, 812 (440 SE2d 545) (1994); *Good Ol' Days Downtown v. Yancey*, 209 Ga. App. 696, 697-698 (2) (434 SE2d 740) (1993). Ballard has been unable to produce evidence of negligence and to allow him to substitute res ipsa loquitur that his injuries were the result of Southern Regional's negligence without demonstrating that negligence would have the effect of making Southern Regional an insurer of his safety.

*Judgment affirmed. Andrews and Johnson, JJ., concur.*

DECIDED JANUARY 19, 1995 — 

*Nick Long & Associates, Jonathan L. Leach,* for appellant.

*Alston & Bird, R. Clay Milling II, Dow N. Kirkpatrick II,* for appellee.

