A96A0733. BISHOP v. KFC NATIONAL MANAGEMENT COMPANY, INC.

(437 SE2d 218)

BIRDSONG, Presiding Judge.

Billy J. Bishop filed suit against KFC National Management Company d/b/a Kentucky Fried Chicken for injuries received when he sat down on a booth bench in appellee's restaurant. Holding his tray of food, he put his hand on the edge of the bench in order to sit down, and the bench collapsed. He fell, sitting down hard on the corner of the bench directly on his tailbone, allegedly injuring himself to the extent that he missed nine months of work.

The trial court granted summary judgment to KFC, evidently on the argued grounds that the bench was held to its supporting frame by wood screws as was proper according to industry standards, and that KFC's employees had inspected the booth prior to Bishop's injury and found no defect. KFC contends it is the nature of wood screws that they may deteriorate and break without fault or negligence on anyone's part. KFC also contends the evidence is undisputed that the bench was secured by wood screws.

Appellant Bishop contends there is evidence from which it may reasonably be inferred that at the time of his injury the screws holding this bench to its frame were not wood but were sheetrock screws which are not structurally appropriate for attachment of this kind of bench. He contends KFC therefore negligently constructed this bench and, moreover, failed to reasonably inspect it for defects. *Held*:

On motion for summary judgment, regardless which party would

have the burden of proof at trial, the burden is on the movant to show there is no genuine issue of material fact. All evidence is construed most strongly against the movant, and the party opposing the motion is given the benefit of all reasonable doubt and *all favorable inferences that can be drawn from the evidence. Piggly Wiggly Southern v. Bennett*, 217 Ga. App. 496, 497 (458 SE2d 138).

Appellant's injury occurred on June 22, 1993. A restaurant contractor examined photographs of the seating in the restaurant and concluded in an affidavit dated April 1995 that the plastic benches in the restaurant were designed to be held in place by being bolted to supporting metal frames; that when properly attached, the benches are free standing units capable of bearing loads without being attached to any wall; and that "since the bench rotated forward with Mr. Bishop, it is clear at that time the bench was not attached securely to its supporting metal frame. These attachment points would not be subject to deterioration or rot [and] the attachment of the bench to the metal frame would be permanent, and not subject to failure or coming loose from normal usage. . . . [A]ny loosening would occur gradually over a considerable time before failure would occur. This situation would also be apparent to the restaurant's employees simply by jiggling the benches with their hands. In my opinion, therefore, the cause of the failure of the bench . . . was the faulty construction of the bench in failing to attach it properly . . . or the failure to occasionally check for loose attaching bolts."

In June 1995, this contractor offered a second affidavit in support of Bishop's response to KFC's motion for summary judgment. He stated that before preparing his first affidavit, he examined the benches without crawling under them, and that on June 30, 1995, he returned to the restaurant and crawled under the benches to inspect them in detail. He concluded that the bench Bishop sat on was an "end" bench which does not back up to any other bench; that the benches are thin fiberglass forms supported by a metal frame assembly; that on the end benches, the seat has only two attachment points, which are a board molded along the bottom of the seat and secured by two lag bolts; and that two screws penetrate the back of the seat and are screwed into wooden blocks. The contractor inspected each of the end benches in the section where Bishop fell. On the bench which collapsed under Bishop, the screws used in the seats are heavy wood screws, which are appropriate for this purpose because they can be bent or flexed without breaking. However, the expert discovered that the other three end benches in the area were attached with sheetrock screws, and "sheetrock screws are not appropriate for this use because they are . . . hard and brittle. . . . They . . . are designed for use only . . . where flexion in normal use is not anticipated. . . . On two of the [other three end benches in the area]

both sheetrock screws were broken. These two benches would easily tilt forward if pressure was applied to [the front edge of the seat]. The third bench had one sheetrock screw broken. These hazards were readily observable just by jiggling the back of the bench with my hands. In fact, it was easy to pull the backs forward and see the broken screws. . . . Since the bench rotated forward with Mr. Bishop, it is clear that the back of the bench was not securely attached. . . . *Since Billy Bishop's bench has a different screw . . . than the other benches, I conclude that before it was repaired it also was held with sheetrock screws. I think it is probable, therefore, that the reason his bench tilted forward was that sheetrock screws had been improperly used to secure the back of his bench. . . .* In my opinion, therefore, the cause of the failure of the bench . . . was (1) the faulty construction of the bench in improperly using tempered sheetrock screws . . . and (2) the failure of the restaurant personnel to occasionally check to see if the benches were secure." (Emphasis supplied.)

From all the evidence, *including circumstantial evidence*, judged in favor of respondent Bishop, a reasonable trier of fact may conclude that defendant's employees failed to exercise reasonable care in inspecting and keeping the premises in safe condition and should have known of the existence of defects. *Flood v. Camp Oil Co.*, 201 Ga. App. 451, 453 (411 SE2d 348). Furthermore, from all the evidence including *circumstantial* evidence, the jury may also reasonably *infer* that all four of the end benches in that area had originally been negligently attached with the same type screw (a sheetrock screw) and that the only reason the bench which collapsed is now attached by wood screws is that this bench was repaired after it collapsed. This is not mere "speculation"; it is a reasonable inference from the circumstantial evidence that apparently all four benches were built at the same time and in the same manner. That is, by reasonable inference from all the evidence, a jury may conclude the bench where Bishop sat had been improperly attached by sheetrock screws like the other benches in the same area and is now secured by wood screws only because it had been repaired after it collapsed under Bishop. The fact that there may be reasonable inferences drawn from preponderant *circumstantial* evidence does not make such inferences any less reasonable.

KFC contends, however, that such an inference is impossible because after Bishop fell he looked under the bench and saw it was attached by wood screws, so that the evidence demands a finding that the bench was held by wood screws at the time it collapsed. This is a misconstruction of Bishop's testimony. Bishop's actual testimony was that the screws he saw under the bench after he fell *might* be wood screws, but that he saw them only briefly because he gave them only a glance, as he soon became nauseated and felt like he was on

fire and had to leave the restaurant. The fact that Bishop testified the screws *"looked like"* wood screws does not, as the dissent evidently believes, mean that they *were* wood screws.

Under Georgia law, a proprietor is liable to invitees for injuries caused by his failure to use ordinary care in keeping the premises safe. OCGA § 51-3-1. A business invitee may reasonably assume that, absent an obvious hazard, the furnishings on business premises are safe for the use for which they were intended, and ordinary care requires a proprietor who has the opportunity to discover the condition of his furnishings to ascertain that they are safe for use under the conditions contemplated. *Spencer v. Little Brownie Properties*, 203 Ga. App. 324, 325 (416 SE2d 851). The jury may find, by the preponderance of the evidence and by reasonable inferences drawn from all the evidence, including circumstantial evidence, construed in Bishop's favor, that KFC negligently constructed *this* bench by attaching it with sheetrock screws, as it did with the other end benches in the same area, and that KFC's employees failed to inspect properly the benches. See id. The trial court therefore erred in granting summary judgment to defendant KFC.

*Judgment reversed. McMurray, P. J., Pope, P. J., Johnson, Blackburn, Smith and Ruffin, JJ., concur. Beasley, C. J., and Andrews, J., dissent.*

BEASLEY, Chief Judge, dissenting.

The trial court was correct in granting summary judgment to defendant because it pointed out that there is "an absence of evidence to support the nonmoving [plaintiff's] case" and plaintiff points to no "specific evidence giving rise to a triable issue." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). As in *Ballard v. Southern Regional Med. Center*, 216 Ga. App. 96, 98 (1) (453 SE2d 123) (1995), there is no evidence that KFC had actual knowledge of the alleged defect and no evidence that the looseness of the bench at about 1:00 p.m. "existed for a sufficient amount of time to allow a reasonable inspection to discover it in order to charge [KFC] with constructive knowledge."

To the contrary and without contradiction, the defendant's head shift supervisor, who was working at the restaurant when the incident occurred, testified that she had visually inspected the bench earlier that same morning, that a number of customers had sat on that seat the same day before Bishop sat on it, and that no one complained about it. After she started her shift at 8:00 a.m., just before she opened the doors for customers at 10:30, she checked the benches and tables for stability to be sure they were safe. She did so by touching them, sort of pulling with her hands. The benches were scrubbed every day with a cloth towel and spray. She first became aware that

the bench was loose when plaintiff came up to the front counter where she was packing orders and told her it was loose, after his alleged fall. He informed her and then left with the woman who was with him.

"[T]here is no duty [on a proprietor of premises] to discover a defect which is not manifested until the incident causing injury." Id. And as we repeated in *Talton v. Perimeter Place Assoc., L.P.*, 214 Ga. App. 505, 506 (448 SE2d 241) (1994), "an occupier is under no duty to continuously patrol the premises to discover defects." "A landowner is not an insurer of an invitee's safety." (Punctuation omitted.) *Barksdale v. Nuwar*, 203 Ga. App. 184, 185 (416 SE2d 546) (1992).

As to the nature of the problem, Bishop testified that when he inspected the bench right after the incident, it looked like the wood had given way and a piece of it remained around the screws, which were still in the backing of the seat. He never said the screws were broken, which is what his expert testified would cause the bench to loosen. He did say, "The screws didn't pull up." He also said three times that they "looked like" wood screws as follows. He pulled the back of the bench forward to look behind it "and there were three looked like wood screws. They might not be wood screws, but that's what they looked like. Went into a, what appeared to be a two-by-four" behind the bench attached to the wall. In response to whether he saw "what looked like had been wood screws," he replied "yes" without equivocation. He said two or three pieces of what looked like decayed wood were on the floor after he fell. Sheetrock screws which plaintiff's expert saw over two years later on other benches were black.

Even if it could be reasonably inferred that the wrong screws were being used on the bench so as to cause it to become loose when plaintiff came in contact with it, a product defect, there is a complete absence of evidence that defendant failed to exercise reasonable care in inspecting and keeping the premises in a safe condition and thus had superior constructive knowledge of the defect. *Flood v. Camp Oil Co.*, 201 Ga. App. 451, 453 (411 SE2d 348) (1991). There is an absence of evidence that this defendant manufactured or constructed the bench, although it is alleged in the recast complaint.

I am authorized to state that Judge Andrews joins in this dissent.

ANDREWS, Judge, dissenting.

Bishop was injured when the bench he sat on at the Kentucky Fried Chicken (KFC) restaurant suddenly collapsed. He claims KFC was negligent and liable for his injuries because of an unsafe condition on the premises caused by defective construction of the bench.

Assuming the bench was defectively constructed and collapsed

because it was secured to the wall by sheetrock screws instead of wood screws, as Bishop's expert contractor states, there is no evidence in the record to support the imposition of liability on KFC for the collapse of the bench caused by the defective construction. The only basis for imposing liability on KFC for the construction defect is to show that it had superior knowledge of the existence of the defect. *Pound v. Augusta Nat.*, 158 Ga. App. 166, 167 (279 SE2d 342) (1981). Assuming Bishop could not observe the defect in the bench, there is no evidence that KFC knew or should have known of the unsafe condition created by the use of sheetrock screws to attach the bench to the wall when it was constructed.

There is no evidence that KFC had actual or constructive knowledge of the defective construction by building the bench or by supervising or directing its construction. See *Flagler Co. v. Savage*, 258 Ga. 335, 337 (368 SE2d 504) (1988). There is no evidence that, prior to its collapse, the bench was loose or otherwise exhibited any condition that would have put KFC on notice of the defective construction. The detailed inspection of the benches in the KFC restaurant by Bishop's expert contractor in which he observed that the bench which collapsed had been repaired with wood screws and some of the other benches were loose because of broken sheetrock screws took place over two years after the accident. The only evidence as to the condition of the bench prior to the accident came from KFC's employee who indicated that all the benches had been inspected shortly before the accident and there was no sign of looseness in any of the benches. Bishop did not claim the bench appeared loose or jiggled when he sat on it before it collapsed. Rather, he deposed that the bench suddenly came loose from the wall and collapsed forward when he sat on it "like an 8 to 15 inch drop from the stable position to the broke position" and that it appeared to him the screws just pulled out of the wood. KFC demonstrated that it had no actual knowledge of the construction defect and no constructive knowledge because the defective condition was not discoverable by a reasonable inspection of the premises. *Barksdale v. Nuwar*, 203 Ga. App. 184 (416 SE2d 546) (1992). The record shows only that the bench appeared to be in good condition but then suddenly collapsed when Bishop sat on it.

In response to KFC's motion for summary judgment, it was incumbent on Bishop to produce evidence to support his claim that KFC negligently failed to correct an unsafe construction defect of which it had superior knowledge. Having failed to produce any evidence that KFC had knowledge of the defect because it built the bench, or supervised or directed the building of the bench, or otherwise knew about or should have discovered the defective construction of the bench, there is an absence of evidence to support the essential elements of the claim. Id.; *Lau's Corp. v. Haskins*, 261 Ga. 491 (405

SE2d 474) (1991). Accordingly, the trial court correctly granted summary judgment in favor of KFC.

I am authorized to state that Chief Judge Beasley joins in this dissent.

DECIDED JUNE 27, 1996.

*McKenney, Jordan & Carey, G. McGregor Jordan, Jr.*, for appellant.

*Fain, Major & Wiley, Thomas E. Brennan, John K. Miles, Jr.*, for appellee.