A96A1883, A96A1885. BEDESKI v. ATLANTA COLISEUM, INC.
et al.; and vice versa.
A96A1884. VARNELL ENTERPRISES v. BEDESKI.
(480 SE2d 881)

BIRDSONG, Presiding Judge.

Plaintiff Kathy Bedeski sued Atlanta Coliseum d/b/a The Omni and Varnell Enterprises, alleging she sustained certain personal injuries when she tripped on a defective floor panel in the Omni auditorium at a concert. The jury gave verdict for the defendants. On appeal, appellant contends the trial court erred in several of its charges to the jury. *Held*:

1. At the charge conference the trial court advised appellant's counsel that it would charge according to the Pattern Jury Charges and would not give certain charges requested by appellant, and that appellant could except to the charges after they were given.

After the jury charge was given, the trial court asked for exceptions. Appellant's counsel stated: "If it please the court, Your Honor, for this purpose, if I may, nos. 5 through 13 inclusive." He made no

other exception and did not indicate the precise nature of his complaints about those charges, and did not even specify that he was referring to plaintiff's requested charges. As to these and other charges appellant contends were erroneously given or not given, appellant made no exception as required by OCGA § 5-5-24 (a): "[I]n all civil cases, no party may complain of the giving or the failure to give an instruction to the jury unless he objects thereto before the jury returns its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

To be reviewable on appeal, an objection to the jury charge must be unmistakable in directing the attention of the trial court to the claimed error and must point out distinctly the portion of the charge challenged; the grounds of error must be stated with sufficient particularity to leave no doubt as to the portion of the charge challenged or as to the specific ground of challenge, and must fully apprise the court of the error committed and the correction needed. *Lissmore v. Kincade*, 188 Ga. App. 548, 551 (373 SE2d 819). Such specificity is required to ensure that the trial judge is afforded an opportunity to correct any error in the instructions prior to verdict so that the necessity of an appeal will be obviated. *Hilliard v. Canton Wholesale Co.*, 151 Ga. App. 184 (259 SE2d 182). The grounds must be stated distinctly enough for a reasonable judge to understand its nature, enabling him to rule intelligently on the specific point. *Green v. Dillard*, 176 Ga. App. 574 (337 SE2d 55), overruled in *Kres v. Winn-Dixie Stores*, 183 Ga. App. 854, 856 (360 SE2d 415). As in *Green*, appellant's counsel merely named several numbers of charges, meaning presumably his own requests to charge, and failed to provide any grounds for objection, nor did he apprise the court of necessary corrections.

2. Assuming arguendo that proper objections had been made, we have reviewed the trial court's charge and we find no harmful error. Plaintiff's requested charge nos. 5 through 13, where applicable, were in substance given by the trial court in its charge, included in the Pattern Jury Charges. A jury charge need not be given in the exact language requested if the charge as given clearly covers the circumstances of the case. All that is necessary, provided the requested charge accurately states relevant principles of law, is that these principles be fairly given to the jury in the general charge. When the charge conveys correctly the intent of the law and is so framed as to be applied with understanding by the jury to the facts, denial of a request for a specific charge is not reversible error. *Little Rapids Corp. v. McCamy*, 218 Ga. App. 111, 116 (460 SE2d 800).

3. In particular we note that the trial court did not commit harmful error in refusing to charge plaintiff's request no. 5: "that circumstantial as well as direct evidence may be used to prove negligence."

See *Bishop v. KFC Nat. Mgmt. Co.*, 222 Ga. App. 1 (473 SE2d 218); *Cox v. Farmers Bank*, 159 Ga. App. 148 (282 SE2d 762). The essence of this requested charge was included in the Pattern Jury Charge as to the definitions of and distinctions between direct and circumstantial evidence; this language included the concept that "the comparative weight of circumstantial and direct evidence on any given issue is a question of fact for you, the jury, to decide." In the absence of a specific exception to the contrary, we will not hold that this charge did not substantially inform the jury that circumstantial evidence could be used to prove the primary issue in the case, viz., negligence.

4. Having found appellant's enumerations of error to be without merit, we uphold the verdict and judgment of the jury and trial court, and it therefore becomes unnecessary to determine the appellees' cross-appeals.

*Judgments affirmed. Beasley and Blackburn, JJ., concur.*

DECIDED JANUARY 31, 1997 — 

*David S. Walker, Jr.*, for Bedeski.

*Webb, Carlock, Copeland, Semler & Stair, Douglas A. Wilde*, for Atlanta Coliseum, Inc.

*Lockey & Smith, G. Melton Mobley, Kevin A. Doyle*, for Varnell Enterprises.