A98A0924. BRAY v. RELIABLE ELECTRIC MOTOR COMPANY, INC. et al.
(502 SE2d 283)

BLACKBURN, Judge.
John Henry Bray sued Reliable Electric Motor Company, Inc., Joanne B. Payne, and Michael B. Payne, seeking, among other things, a declaratory judgment that he owned 52 percent of the stock in the corporation. Defendants moved for summary judgment on this claim, contending that Bray owned only 33 percent of the stock in the

corporation. The trial court granted defendants' motion for summary judgment, and Bray appeals.[1]

On appeal of a grant of summary judgment, this Court reviews the evidence de novo to determine whether a genuine issue of material fact exists or whether the movant is entitled to judgment as a matter of law. *Moore v. Food Assoc.*, 210 Ga. App. 780, 781 (437 SE2d 832) (1993). The party opposing the motion is given the benefit of all reasonable doubt and all favorable inferences that can be drawn from the evidence. *Bishop v. KFC Nat. Mgmt. Co.*, 222 Ga. App. 1, 2 (473 SE2d 218) (1996).

Bray was an employee of Reliable Electric Motor Company for more than 20 years, having gone to work for the company in 1972. At that time, Reliable was apparently a sole proprietorship owned by Johnny Lester Payne. On May 31, 1978, a certificate of incorporation was issued for a corporation known as Reliable Electric Motor Company, Inc. The articles of incorporation provided that the corporation would not commence business until it received $500 for issuance of shares of stock. It does not appear that the corporation was activated or that shares of stock were issued until after Payne's death in 1985. Rather, Payne continued to operate the business as a sole proprietorship.

When Bray went to work for Payne in 1972, he and Payne apparently agreed that Bray would be entitled to one-third of the sole proprietorship if he stayed for eight years. On October 7, 1980, Payne and Bray entered into a written agreement purporting to confirm and set forth the terms of this oral agreement. The written agreement recited that Payne was "doing business under the trade name of Reliable Electric Motor Company," and that Payne "is and was on August 1, 1972, and continuously to the present time, the sole owner of, and doing business as, Reliable Electric Motor Company." The agreement provided in relevant part that, upon Payne's death, Bray would be entitled to become a one-third partner in the business along with Payne's executor. If Bray elected to become a partner, he would be entitled to one-third of the profits of the business and be obligated to bear one-third of the losses thereof. The agreement provided that "[t]he election by [Bray] whether or not to receive and accept a one-third (1/3) partnership interest in said business and become a partner therein must be made known by [Bray] to [Payne's] Executor or personal representative in writing within thirty (30) days next following the date of death of [Payne]."

Payne died on September 22, 1985, leaving a will naming defend-

---

[1] Bray's complaint also contained several additional counts, none of which is at issue in this appeal.

ant Joanne B. Payne as his executor. In the will, Payne left 34 percent of his business to Joanne Payne, 33 percent of the business to defendant Michael B. Payne, and 33 percent of the business to Bray.

Bray never gave Joanne Payne, as executor, notice of his intention to elect to become a one-third partner in the business pursuant to the October 7, 1980 agreement. Instead, after Payne's death, Bray, Joanne Payne, and Michael Payne transferred their respective interests in the business to the corporation, Reliable Electric Motor Company, Inc., in return for stock in the corporation. Bray and Joanne Payne each received 33 percent of the corporate stock, and Michael Payne received 34 percent of the stock. Bray remained an officer, employee, and director of the corporation until 1994, when his relationship was terminated.

In January 1995, Bray sued defendants, seeking judicial dissolution of the corporation and alleging that he was the owner of 33 percent of the corporate stock. He later amended his complaint to seek, among other things, a declaratory judgment that he was actually the owner of approximately 52 percent of the stock in the corporation.

Bray now claims that the correct number is 55 percent, but he never withdrew the allegation in his amended complaint that he owned 52 percent of the stock. Moreover, his amended complaint did not withdraw, but expressly reaffirmed, the allegation that he owned 33 percent of the stock in the corporation. The amended complaint also did not withdraw, but expressly reaffirmed, the allegations in the original complaint that Joanne Payne and Michael Payne owned 34 percent and 33 percent, respectively, of the stock in the corporation. It should be noted that the original complaint was verified, while the amended complaint was not. Accordingly, even if the amended complaint is seen to be an implied withdrawal of contradictory allegations in the original complaint, the allegations in the original complaint constitute sworn testimony by Bray, while the allegations in the amended complaint have no evidentiary value. Bray's sworn testimony that Joanne and Michael Payne together owned 67 percent of the stock of the corporation is incompatible with his current claim that he owns 52 percent or 55 percent of the stock. However, given our holding below, it is not necessary to address the conflict between Bray's allegations.

Under Bray's reasoning, he became entitled to a one-third interest in the business pursuant to the October 7, 1980 agreement and received 33 percent of the remaining two-thirds pursuant to Payne's will. Defendants contended that Bray owned only 33 percent of the corporation. The trial court granted defendants' motion for summary judgment, holding that Bray failed to satisfy the condition precedent specified in the agreement by failing to notify the executor of his intent to become a partner in the business.

1. The trial court correctly granted summary judgment to defendants, although it was not necessary to rely on the condition precedent to do so. Whether or not Bray properly invoked his rights under the October 7, 1980 agreement has no bearing on his entitlement to shares of stock in the corporation. The October 7, 1980 agreement related to the business being operated by Payne as a sole proprietorship and purported to allow Bray, upon Payne's death, to enter into partnership with Payne's executor to carry on the business. Nothing in the agreement purported to give Bray an entitlement to shares of stock in the corporation, which was not organized until after Payne's death. Whatever interest Bray might have had in the business after Payne's death, whether pursuant to the October 7, 1980 agreement or pursuant to Payne's will, was transferred to the corporation in exchange for issuance of 33 percent of the corporate stock. Having transferred his interest to the corporation in return for such stock, Bray cannot now claim a greater interest in the corporation pursuant to the October 7, 1980 agreement.

2. Our holding above renders it unnecessary to consider whether Bray failed to satisfy a condition precedent to the October 7, 1980 agreement or whether such agreement was intended to be cumulative of the provisions of Payne's will.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED MAY 1, 1998.

*Lane & Jarriel, Thomas F. Jarriel*, for appellant.
*Anderson, Walker & Reichert, Eugene S. Hatcher*, for appellees.