## A99A2143. BARRETT v. J. H. HARVEY COMPANY.
(523 SE2d 912)

ELLINGTON, Judge.

Frances Barrett sued J. H. Harvey Company for injuries she sustained when she slipped and fell on a foreign substance in a Harvey grocery store. The trial court granted Harvey's motion for summary judgment, and Barrett appeals. Because issues of fact remain as to Harvey's liability, we reverse.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

Viewed in this light, the evidence shows that Barrett fell as she approached a checkout lane in a Harvey store and that cashier Christy Williams was working at the register nearest to where Barrett fell. Barrett was not looking at the floor when she fell and did not know what caused her to slip. The manager on duty, Levon Shatteen, and the assistant manager, Charles Vaughn, reported to the site of Barrett's fall. Shatteen helped Barrett into his office to fill out an accident report form. Vaughn photographed a puddle of a substance which appeared to be baby vomit and which was believed to be the cause of Barrett's fall. Before Barrett fell, Williams, the cashier, knew that another customer's baby had vomited in or near the checkout lane.

[I]n order to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier. However, the plaintiff's evidentiary proof concerning the second prong is not shouldered until the defendant establishes negligence on the part of the plaintiff — i.e., that the plaintiff intentionally and unreasonably exposed [her]self to a hazard of which the plaintiff knew or, in the exercise of ordinary care, should have known.

*Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (2) (b) (493 SE2d 403) (1997).

A jury could infer from this evidence that Harvey had actual knowledge of the foreign substance on the floor. Although Williams did not clearly remember many details of Barrett's fall, denied seeing a baby vomiting and denied seeing any substance on the floor before Barrett fell, she made statements to Shatteen and Vaughn immediately after Barrett's fall that indicate she was nevertheless aware that a baby had vomited on the floor. These statements were admissible as part of the res gestae under OCGA § 24-3-3 and possibly as an admission against interest under OCGA § 24-3-33. *Sutton v. Winn Dixie Stores*, 233 Ga. App. 424, 425-426 (504 SE2d 245) (1998). Williams' statements were sufficient to create an issue of fact regarding whether Harvey had actual knowledge that there was a puddle of vomit on the floor and had the opportunity to protect its customers from the hazard of slipping in the substance. *Watson v. Kroger Co.*, 231 Ga. App. 741, 742-743 (1) (500 SE2d 631) (1998); cf. *Hagan v. Goody's Family Clothing*, 227 Ga. App. 585, 587 (490 SE2d 107) (1997) (statements that a child had thrown up in the store were not admissible as part of the res gestae because the plaintiff could not identify the employees who made the statements).

Turning to the second prong of *Robinson*, the issue is whether Barrett lacked knowledge of the hazard despite the exercise of ordinary care. 268 Ga. at 749 (2) (b). The only evidence identified by Harvey as showing a lack of care is that Barrett was not looking at the floor when she fell. After *Robinson*, an admission by the plaintiff that she did not look at the site on which she placed her foot or that she could have seen the hazard had she looked does not establish as a matter of law that she failed to exercise care for her own safety. Id. at 748 (2) (b). Questions regarding a "plaintiff's lack of ordinary care for personal safety are generally not susceptible of summary adjudication, and . . . . summary judgment is granted only when the evidence is plain, palpable, and undisputed." Id. We find that Harvey has not met its burden of showing that Barrett failed to exercise ordinary care. Accordingly, the trial court erred in granting Harvey summary judgment.

*Judgment reversed. Andrews, P. J., and Ruffin, J., concur.*

Decided October 21, 1999 — 

*Gibson & Spivey, Douglas L. Gibson*, for appellant.
*Clyatt, Clyatt & DeVaughn, Robert M. Clyatt, Carl G. Fulp III*, for appellee.