A99A1303. PULLIAM v. SOUTHERN REGIONAL MEDICAL CENTER, INC.
(526 SE2d 573)

MILLER, Judge.

During the mid-1970s, Beers Construction Company, as general contractor of a project on the premises of Southern Regional Medical Center, installed a ground-level metal grate to cover a 20-foot-deep air shaft that provided ventilation to the basement. In 1992, Southern Regional again hired Beers for renovation involving the air shaft. While performing his duties on the project, Danny England was descending a ladder that was standing on the grate when the grate collapsed, causing England to fall and suffer severe injuries (including mental incapacity).

Through his guardian, England sued Beers and Southern Regional, alleging they had negligently constructed and installed the grate and its support system. Defendants filed a joint motion for summary judgment. The trial court granted summary judgment to Beers because it was entitled to tort immunity as England's "statutory employer" under the Workers' Compensation Act,[1] which ruling we affirmed.[2] Citing OCGA § 51-3-1 as the applicable statute, we also affirmed the trial court's denial of summary judgment to Southern Regional because the case presented jury issues as to whether the defects could have been discovered during a reasonable inspection and as to whether Southern Regional performed a reasonable inspection.[3]

England proceeded against Southern Regional, which later filed a second motion for summary judgment based on evidence filed since our first ruling. Finding no evidence that Southern Regional had superior knowledge of the defective grate system, the trial court granted summary judgment to Southern Regional, which England appealed. England subsequently died, and G. Donald Pulliam as administrator of England's estate was substituted as appellant to this appeal.

On appeal of a grant of summary judgment, the appellate court must determine whether the trial court erred in concluding that the

---

[1] See OCGA § 34-9-1 et seq.
[2] *England v. Beers Constr. Co.*, 224 Ga. App. 44, 47 (1) (d) (479 SE2d 420) (1996).
[3] Id. at 48 (4).

moving party demonstrated that no genuine issue of material fact remained and that the party was entitled to judgment as a matter of law.[4] A defendant may do this by showing the court that the documents, affidavits, depositions, and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case.[5] We view the evidence, and all reasonable conclusions and inferences drawn from it, de novo and in the light most favorable to the nonmovant.[6] Because there is no evidence that Southern Regional had actual or constructive knowledge of the hazard, we affirm.

1. An essential element of premises liability is that the defendant had actual or constructive knowledge of the hazard.[7] Identifying no evidence that Southern Regional had actual knowledge, England sought instead to establish constructive knowledge by showing that the owner failed to exercise reasonable care in inspecting the premises and keeping them safe.[8] England contends that the trial court erred in determining that a reasonable inspection would not have revealed the defective grate system.

The uncontradicted evidence shows that two factors primarily contributed to the grate system's failure: faulty installation of the angle irons supporting the grate and the misuse of the fasteners adhering the angle irons to the walls of the air shaft. The angle irons were installed upside down and were not properly anchored to the building. Although the fasteners were supposed to merely hold objects together, they were used instead to support the sheer force of the grate system. The fasteners securing the support system were too small, of the wrong material, spaced too far apart, and were too few in number. Construing the evidence in the light most favorable to England, the grate system was defective from installation until England's accident, and during those 16 years, Southern Regional never officially inspected it.

But whether Southern Regional failed to exercise ordinary care depends upon whether the defects were discoverable during a reasonable inspection.[9] Ordinary diligence may not require an inspection where the owner does not have actual knowledge of the defect and there is nothing in the character of the premises indicating a defect.[10] A metal pipe railing formed a barrier around the grate, and

---

[4] OCGA § 9-11-56 (c).

[5] *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

[6] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

[7] *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (493 SE2d 403) (1997).

[8] See *Padilla v. Hinesville Housing Auth.*, 235 Ga. App. 409, 411 (509 SE2d 698) (1998).

[9] *Rhodes v. B. C. Moore & Sons, Inc.*, 153 Ga. App. 106, 107 (1) (264 SE2d 500) (1980) (owner breaches no duty if ordinary care would not have discovered hazard).

[10] *Talton v. Perimeter Place Assoc.*, 214 Ga. App. 505, 507 (448 SE2d 241) (1994).

a decorative hedge planted around the railing further restricted access to the grate. The grate was not in a pathway, although a groundsman stood on the grate three to four times each year to trim the hedge. The groundsman never noticed a problem with the grate. On the day of the accident, for approximately two and one-half hours, numerous workers used the ladder without incident while it stood on the grate. No one ever reported an injury or problem concerning the grate before England's accident.

England's accident reconstruction expert deposed, without contradiction, that detecting the defects required an engineer. The expert further deposed, without contradiction, that the size and arrangement of the fasteners could be seen only if: (1) an inspector removed the grate, climbed into the air shaft, then looked up, or (2) an inspector removed the grate and then leaned into the opening of the 20-foot-deep air shaft.

Because ordinary diligence does not require these types of extraordinary inspection measures,[11] the type of inspection necessary to discover the grate system's defects was unreasonable as a matter of law, particularly in light of the grate not being in a pathway. Although superior knowledge is generally an issue for the jury,[12] England presented no evidence that the defects could have been discovered by any reasonable inspection. Under such undisputed facts, the trial court properly granted summary judgment to Southern Regional.[13]

2. England also enumerates as error the trial court's determination as a matter of law that Southern Regional's occasional inspection of the metal grate was reasonable. Not only did the trial court not make any such determination, our holding in Division 1 renders this enumeration moot.

*Judgment affirmed. McMurray, P. J., and Andrews, P. J., concur.*

---

[11] See, e.g., *Nelson v. Polk County Historical Society*, 216 Ga. App. 756, 758-759 (3) (456 SE2d 93) (1995) (landlord was not liable for injuries caused by the collapse of defectively constructed awning where fasteners did not sufficiently penetrate building and the untrained eye would not have been able to discover defect by ordinary means); *Barksdale v. Nuwar*, 203 Ga. App. 184, 185-186 (416 SE2d 546) (1992) (homeowner of defectively constructed deck was not liable for injuries caused by deck's collapse due to defect in construction not apparent to the untrained eye).

[12] *Robinson*, supra, 268 Ga. at 748.

[13] Id.; *Lau's Corp.*, supra, 261 Ga. at 491 (to survive summary judgment, plaintiff as nonmovant is obligated to "point to specific evidence giving rise to a triable issue"); *Ballard v. Southern Regional Med. Center*, 216 Ga. App. 96, 98 (1) (453 SE2d 123) (1995) (defendant was not charged with constructive knowledge of defect where plaintiff failed to meet burden of demonstrating that the defect was discoverable by a reasonable inspection).

DECIDED DECEMBER 3, 1999 —

Barnes, Browning, Tanksley & Casurella, Charles B. Tanksley, John Bevis, for appellant.

Alston & Bird, Jack H. Senterfitt, for appellee.