A00A0100. PICKERING CORPORATION v. GOODWIN.
(534 SE2d 518)

BLACKBURN, Presiding Judge.

In this slip and fall action, Pickering Corporation appeals, on interlocutory grant, the denial of its motion for summary judgment, contending that it was not negligent as a matter of law where it had less than 90 seconds to remedy the subject hazard prior to Linnie Goodwin's fall. Because Goodwin cannot establish that Pickering failed to exercise ordinary care or that the incident was foreseeable or within its control, we reverse.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.,* 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

So viewing the evidence, Stephen James, the manager of Sports Shop located in Hatcher Point Mall, testified by affidavit that, on November 9, 1996, he saw a young person spill water in the common

area of the mall. James immediately went to the telephone and called mall security to tell them of the hazard. After making the call, James turned to walk out to the area of the spill. At that moment, he saw Goodwin slip and fall in the area where the water was spilled. Goodwin deposed that, after she fell, she noticed a puddle trail of water down the mall. Additionally, Doris Wright, a mall security guard, testified that she had walked past the entrance to Sports Shop approximately two minutes before Goodwin fell, and, at that time, there was no water in the common area.

The basic test of negligence in a slip and fall premises liability case is whether the plaintiff can show (1) the defendant had actual or constructive knowledge of the foreign substance and (2) the plaintiff lacked knowledge of the substance or for some reason attributable to the defendant was prevented from discovering it. *Hutchins v. J. H. Harvey Co.*, 240 Ga. App. 582, 584 (1) (524 SE2d 289) (1999); *Robinson v. Kroger Co.*, 268 Ga. 735, 736 (1) (493 SE2d 403) (1997).

In applying this basic test, our Supreme Court in *Robinson* elaborated upon the duty owed by a proprietor such as Pickering:

> One who owns or occupies land and[,] "by express or implied invitation, induces or leads others to come upon his premise for any lawful purpose . . . is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." OCGA § 51-3-1. While not an insurer of the invitee's safety, the owner/occupier is required to exercise ordinary care to protect the invitee from unreasonable risks of harm of which the owner/occupier has superior knowledge. The owner/occupier owes persons invited to enter the premises a duty of ordinary care to have the premises in a reasonably safe condition and not to expose the invitees to unreasonable risk or to lead them into a dangerous trap. The owner/occupier is not required to warrant the safety of all persons from all things, but to exercise the diligence toward making the premises safe that a good business person is accustomed to use in such matters.

(Citations omitted.) Id. at 740. Thus, *Robinson* did not change the historical holding that, absent some reason to be on notice of the likelihood of a given hazard arising, a proprietor is generally permitted a reasonable time after notice of a hazardous condition to exercise care in correcting such condition. *Alterman Foods v. Ligon*, 246 Ga. 620, 622 (272 SE2d 327) (1980); *Deloach v. Food Lion*, 228 Ga. App. 393, 394-395 (491 SE2d 845) (1997); *Jenkins v. Bi-Lo, Inc.*, 223 Ga. App. 735, 736-737 (479 SE2d 14) (1996); *Super Discount Markets v. Clark*,

213 Ga. App. 132, 133 (443 SE2d 876) (1994).

It is possible that, based on a prior history of such a number of similar hazardous occurrences or other facts that would put a proprietor on notice of the likelihood of the subject incident occurring, such fact would create a correspondingly higher duty on the proprietor to take appropriate prophylactic measures, i.e., having an attendant on duty to immediately clean up spills or post signs warning customers of the potential danger. Any such evidence would, of course, present a jury question as to the reasonableness of the proprietor's actions. However, we have no evidence of facts creating such notice in this case. Under the Georgia law of summary judgment, the nonmovant is not free to rest on its pleadings but must come forward with its evidence to demonstrate the existence of a fact question on any element contended to be fatal to its claim. Here Goodwin has presented no evidence which creates a jury question as to the reasonableness of Pickering's conduct or its ability to control or foresee the subject incident. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

On the issue of summary adjudication, our Supreme Court has held that the court can conclude as a matter of law that the facts do or do not show negligence on the part of the defendant or the plaintiff only where the evidence is plain, palpable and undisputable. *Robinson*, supra at 739. Such is the evidence in this case. The undisputed fact is that the spill occurred less than 90 seconds before Goodwin's fall. Pickering knew of the spill almost immediately, as a result of the call to its mall security office by a person witnessing the spill. Upon completing the telephone call, the witness walked back to the scene of the spill in time to observe Goodwin fall. Under these facts, there is no evidence which creates a jury question as to Pickering's knowledge of the potential for the subject hazard or its conduct after receiving notice of the hazard. " '[I]t is a well settled principle of negligence law that the occurrence of an unfortunate event is not sufficient to authorize an inference of negligence.' " *Christopher v. Donna's Country Store*, 236 Ga. App. 219, 220 (511 SE2d 579) (1999).

Under the unusual circumstances of this case, Goodwin cannot establish that Pickering failed to exercise ordinary care in meeting its duty, and there is thus no factual issue requiring jury determination. "A proprietor is not the insurer of an invitee's safety, but is bound to exercise ordinary care to protect the invitee from unreasonable risks of which it has superior knowledge." *Gaines v. Ingles Markets*, 241 Ga. App. 302, 304 (2) (524 SE2d 766) (1999). The trial court erred in denying Pickering's motion for summary judgment under the facts of this case.

*Judgment reversed. Eldridge and Barnes, JJ., concur.*

DECIDED MAY 5, 2000.

*Dillard & Bower, Bryant H. Bower, Jr., Rebecca R. Crowley,* for appellant.

*Kenneth E. Futch, Jr., Teresa G. Bowen,* for appellee.