## A10A0521. FERGUSON v. PREMIER HOMES, INC.

(695 SE2d 56)

ANDREWS, Presiding Judge.

While Irvin Ferguson, Jr., was working as a subcontractor for Premier Homes, Inc. in a new residential house owned and constructed by Premier Homes, the pull-down staircase he was using to

access the attic suddenly detached from the ceiling and fell to the floor. Ferguson was injured in the fall and sued Premier Homes claiming under OCGA § 51-3-1 that Premier Homes negligently failed to exercise ordinary care to keep the premises safe for invitees.[1] Ferguson appeals from the trial court's grant of summary judgment in favor of Premier Homes. We affirm because the record shows that the staircase detached and fell as the result of an alleged defect in the premises of which Premier Homes had no actual or constructive knowledge.

Premier Homes finished construction of the house two years before the fall, the house had not been sold, and Premier Homes owned the house and was using it as a model to help sell other houses in the subdivision. After the house was constructed, it passed inspection by a county building inspector and was given a certificate of occupancy. Ferguson was working as a subcontractor installing cable lines in the attic of the house when the pull-down staircase he was using to access the attic suddenly detached from the ceiling and the entire staircase assembly fell with him to the floor. The pull-down staircase was a pre-assembled unit commonly used in residential construction and was installed in an opening in the ceiling to provide access to the attic space. The staircase was installed two years prior to the fall by an independent subcontractor employed by Premier Homes at the time the house was constructed. There is no evidence in the record of negligent construction or installation by the subcontractor or any other related design or construction negligence that could have caused or contributed to the sudden detachment and collapse of the staircase. The owner of Premier Homes testified that the staircase was properly installed by the subcontractor, and that Premier Homes inspected all the construction in the house, including the staircase, and found that it complied with applicable building codes. The owner testified that, prior to Ferguson's fall, he and other workers used the staircase on numerous occasions during the two years after installation without any indication that it was loose or defective in any manner. Evidence showed that, on the day prior to Ferguson's fall, telephone workers used the staircase to access the attic without any indication of a defect. The only evidence in the record that a defective or hazardous condition existed with respect to the staircase was the fact that it suddenly detached from the ceiling and fell while Ferguson was using it. There is no evidence in the record as to any specific defect that caused the staircase to detach

---

[1] As Premier Homes's subcontractor, Ferguson was an invitee to whom Premier Homes owed a duty under OCGA § 51-3-1 to use ordinary care to keep the premises safe. *Amear v. Hall*, 164 Ga. App. 163, 166 (296 SE2d 611) (1982).

and fall. The owner of Premier Homes testified that he had never seen a staircase detach and fall in this manner during the 20 years he had been constructing houses. In response to Premier Homes's motion for summary judgment, Ferguson did not assert that Premier Homes was liable for negligent construction by the independent contractor it hired to install the staircase or for any other design or construction defect.[2] Rather, Ferguson contended that Premier Homes negligently failed to inspect the staircase before he used it to discover that it posed a hazard.

Under OCGA § 51-3-1, a premises owner has a duty to exercise ordinary care to keep the premises safe for invitees. In *Robinson v. Kroger Co.*, 268 Ga. 735, 736-738 (493 SE2d 403) (1997), the Supreme Court reaffirmed that the fundamental basis for imposing liability for breach of the duty set forth in OCGA § 51-3-1 is proof that the premises owner had superior knowledge of the hazard or defect on the premises which caused harm to the invitee. *Robinson* also confirmed that, where the record shows that the premises owner had no actual or constructive knowledge of the hazard or defect which harmed the invitee, the premises owner is entitled to summary judgment because the invitee cannot establish that the premises owner had knowledge of the hazard or defect superior to that of the invitee. Id. at 737, 748-749. The duty imposed under OCGA § 51-3-1 does not make a premises owner an insurer of an invitee's safety, but requires the exercise of ordinary care to protect the invitee from unreasonable risks of harm of which the premises owner has superior knowledge. Id. at 740.

> The [premises owner] is not required [under OCGA § 51-3-1] to warrant the safety of all persons from all things, but to exercise the diligence toward making the premises safe that a good business person is accustomed to use in such matters. This includes inspecting the premises to discover possible dangerous conditions of which the [premises owner] does not have actual knowledge, and taking reasonable precautions to protect invitees from dangers foreseeable from the arrangement or use of the premises.

(Citations and punctuation omitted.) Id. at 740. Thus, even where a

---

[2] Compare *Kroger Co. v. Strickland*, 248 Ga. App. 613, 614-615 (548 SE2d 375) (2001) (OCGA § 51-3-1 imposes a nondelegable duty on the premises owner to exercise ordinary care to keep the premises safe for invitees; therefore a premises owner generally cannot rely on the provisions of OCGA § 51-2-4 to disclaim responsibility for the negligence of its independent contractor which rendered the premises unsafe. OCGA § 51-2-5 (4)); see *Flagler Co. v. Savage*, 258 Ga. 335, 337 (368 SE2d 504) (1988) (contractor's liability for design or construction defects which render the premises unsafe).

latent or obscured defect exists on a premises, and the premises owner has no actual knowledge of the defect, it will be inferred that the owner has constructive knowledge of the defect if a reasonable inspection of the premises — one required in the exercise of ordinary care — would have revealed the defect. *Keaton v. A. B. C. Drug Co.*, 266 Ga. 385, 387-388 (467 SE2d 558) (1996); *Barksdale v. Nuwar*, 203 Ga. App. 184, 185 (416 SE2d 546) (1992). The duty to inspect the premises to discover possible defects or hazards requires only that the premises owner exercise ordinary care under the circumstances, not extraordinary care. OCGA § 51-3-1; *Armenise v. Adventist Health System/Sunbelt*, 219 Ga. App. 591, 593 (466 SE2d 58) (1995). "[O]ne is not chargeable with negligence in failing to discover and remedy a danger in the property which he could not have discovered by the exercise of ordinary care, or which has not existed for a sufficient time to charge him with the duty of discovering it." *McCrory Stores Corp. v. Ahern*, 65 Ga. App. 334, 336 (15 SE2d 797) (1941). It follows that no constructive knowledge of an unknown defect is inferred if the defect could only have been discovered by an inspection requiring the exercise of extraordinary care. Id.; *Mixon v. Ga. Central R.*, 266 Ga. App. 365, 370 (596 SE2d 807) (2004). Moreover, in the absence of actual knowledge of an alleged defect, ordinary care does not require a premises owner to inspect the premises where nothing in the character of the premises, such as a prior similar injury or some other notice, indicates there might be a defect. *Pulliam v. Southern Regional Medical Center*, 241 Ga. App. 285, 286 (526 SE2d 573) (1999); *Ahern*, 65 Ga. App. at 340. "[T]here is no duty to discover a defect which is not manifested until the incident causing injury." *Ballard v. Southern Regional Medical Center*, 216 Ga. App. 96, 98 (453 SE2d 123) (1995).

In the present case, there is no evidence that, prior to suddenly detaching and falling from the ceiling, the staircase was loose or otherwise showed any defective condition. The record shows that the pull-down staircase appeared to be in good condition during the two years it was used after the house was constructed, including use with no problem on the day before it collapsed. There is no evidence that other staircases of this type posed a hazard of collapsing of which Premier Homes knew or should have known. The only notice of a problem came when the staircase suddenly collapsed under Ferguson. Assuming that some type of defect caused the sudden collapse, Premier Homes had no prior knowledge that a defect existed. On these facts, we find that Premier Homes could have discovered any defect only by an inspection requiring the exercise of extraordinary care. Because the record shows, as a matter of law, that any defect which caused the staircase to suddenly detach from the ceiling and collapse was not discoverable by a reasonable inspection in the

exercise of ordinary care, no inference arose that Premier Homes had constructive knowledge of the defect. In the absence of evidence that Premier Homes had actual or constructive knowledge of the defect, Ferguson cannot show that Premier Homes had superior knowledge, and the trial court properly granted summary judgment in favor of Premier Homes. *Robinson*, 268 Ga. at 736-738; *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

*Judgment affirmed. Ellington and Doyle, JJ., concur.*

DECIDED APRIL 9, 2010.

*Hillman J. Toombs*, for appellant.
*Harvey G. Berss*, for appellee.