### A11A1273. CAMPBELL v. SAVANNAH MOTORS, INC.
(716 SE2d 534)

ANDREWS, Judge.

George Campbell sued Savannah Motors, Inc. to recover for injuries he allegedly suffered while working as an independent contractor on the Savannah Motors premises. After a tank containing helium gas fell over and struck Campbell, he claimed that Savannah Motors was liable for his injuries because it negligently failed to keep its premises safe for invitees in violation of OCGA § 51-3-1, and because it was vicariously liable on the basis that one of its employees negligently knocked over the tank. OCGA §§ 51-2-1 (a); 51-2-2. Campbell appeals from the trial court's grant of summary judgment in favor of Savannah Motors on both claims. We affirm the grant of summary judgment on the premises liability claim under OCGA § 51-3-1, and reverse the grant of summary judgment on the vicarious liability claim.

To obtain summary judgment, "the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c)." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Viewed in the light most favorable to Campbell, the relevant facts are as follows. Campbell was working on the Savannah Motors premises as an independent contractor for National Marketing Associates, Inc., a company contracted by Savannah Motors to conduct a week-long car sales event. Campbell participated along with National Marketing and Savannah Motors employees in "ballooning up the lot," for the sale using helium to fill promotional balloons to attach to the cars. About eight helium tanks were stored in an office space which was used by Savannah Motors during the sale to provide a buffet-style lunch to Savannah Motors and National Marketing employees. Campbell was allegedly injured while waiting in line for lunch when someone accidentally bumped into a helium tank and knocked it over and onto him. A Savannah Motors employee testified that he saw a National Marketing employee accidentally bump into and knock the tank over causing it to hit Campbell. Although Campbell testified that he did not see who knocked the tank over, he said that, immediately after the tank hit him, he saw a Savannah Motors manager "scolding" a Savannah Motors employee for knocking over the tank.

There is no evidence that the helium tanks were unstable, easy to knock over, or otherwise constituted a hazard because they were likely to fall over and injure someone. To the contrary, evidence showed that the tanks were in a clearly visible location and had stable bases about two feet wide. Similar helium tanks were commonly used by Savannah Motors and other car dealerships around the country during sales events, but there was no evidence that a tank at Savannah Motors or anywhere else had previously been knocked over or had fallen on anyone. Although there was evidence that the office was crowded with people for lunch, there was no evidence that the office was so small or crowded that people exercising ordinary care could not avoid contact with the clearly visible tanks. Campbell, who had worked with helium tanks at many sales around the country, testified that he had never previously heard of a tank falling on anyone and characterized the present event as a "freak accident."

1. Savannah Motors had a duty under OCGA § 51-3-1 to exercise ordinary care to keep its premises safe for invitees. "The duty imposed under OCGA § 51-3-1 does not make a premises owner an insurer of an invitee's safety, but requires the exercise of ordinary care to protect the invitee from unreasonable risks of harm of which the premises owner has superior knowledge." *Ferguson v. Premier Homes, Inc.*, 303 Ga. App. 614, 616 (695 SE2d 56) (2010); *Robinson v. Kroger Co.*, 268 Ga. 735, 740 (493 SE2d 403) (1997).

> The owner/occupier is not required [under OCGA § 51-3-1] to warrant the safety of all persons from all things, but to exercise the diligence toward making the premises safe that a good business person is accustomed to use in such matters. This includes . . . taking reasonable precautions to protect invitees from dangers foreseeable from the arrangement or use of the premises.

Id. (citations and punctuation omitted). On the present record, we find as a matter of law that the possibility of the helium tank being accidentally knocked over onto Campbell was not a foreseeable danger or an unreasonable risk of harm under OCGA § 51-3-1. Accordingly, Savannah Motors' failure to protect Campbell from being struck by the tank was not a breach of its duty under OCGA § 51-3-1 to exercise ordinary care. The trial court correctly granted summary judgment in favor of Savannah Motors on this claim.

2. Campbell sought to impose vicarious liability on Savannah Motors on the basis that one of its employees negligently knocked over the tank and caused it to hit him. OCGA §§ 51-2-1 (a); 51-2-2. The trial court granted summary judgment in favor of Savannah

Motors on this claim by holding that the record showed without dispute that the person who knocked over the tank was not an employee of Savannah Motors. But Campbell testified that, immediately after the accident, he saw a Savannah Motors manager scold one of his employees for accidentally knocking over the tank. This was evidence of an admission by the manager that a Savannah Motors employee knocked over the tank. Campbell's testimony as to the manager's admission was properly part of the record to be considered on summary judgment as an exception to the hearsay rule because it was made within the res gestae of the underlying event. OCGA § 24-3-3; *Barrett v. J. H. Harvey Co.*, 240 Ga. App. 508, 509 (523 SE2d 912) (1999); *Sutton v. Winn Dixie Stores*, 233 Ga. App. 424, 426 (504 SE2d 245) (1998). Because a disputed issue of fact exists as to whether a Savannah Motors employee negligently knocked over the tank, the trial court erred in granting summary judgment to Savannah Motors on this claim.

*Judgment affirmed in part and reversed in part. Phipps, P. J., and McFadden, J., concur.*

DECIDED AUGUST 23, 2011.

*Savage, Turner, Pinson & Karsman, Brent J. Savage, Kathryn H. Pinckney, David S. Eichholz*, for appellant.

*Brennan & Wasden, Joseph P. Brennan, Gregory G. Sewell*, for appellee.