A11A2276. SIPPLE et al. v. NEWMAN.
(722 SE2d 348)

ELLINGTON, Judge.

Adam Newman filed this premises liability action against Elise Furse, who is now deceased, in the State Court of Chatham County. The trial court denied the motion for summary judgment filed by the executors of Furse's estate, David and Julian Sipple. The Sipples appeal,[1] contending, inter alia, that there is no evidence that Furse had superior knowledge of the condition that caused Newman's injuries. For the reasons explained below, we reverse.

In order to prevail on a motion for summary judgment under

---

[1] We granted the Sipples' application for an interlocutory appeal.

OCGA § 9-11-56,

> the moving party must show that there exists no genuine issue of material fact, and that the undisputed facts, viewed in the light most favorable to the nonmoving party, demand judgment as a matter of law. Moreover, on appeal from the denial or grant of summary judgment the appellate court is to conduct a de novo review of the evidence to determine whether there exists a genuine issue of material fact, and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.

(Citations omitted.) *Benton v. Benton*, 280 Ga. 468, 470 (629 SE2d 204) (2006).

Viewed in the light most favorable to Newman as the nonmoving party, the record shows the following. Furse hired Newman to clean accumulated pine straw from the roof of her house on July 1, 2005. Wet pine straw thickly covered the gutters and a metal awning over the back door of Furse's house. To remove the pine straw from the awning, Newman leaned a ladder beside the awning so that he could rake the pine straw off and then rested his foot on the awning for balance. The awning gave way, and Newman fell and was injured.

After Newman fell, he discovered that the awning had been attached to the house by nails driven into the bricks and that the nails had rusted. Newman, who was employed as a roofer, testified that he assumed that, along the top flange, the awning would have been bolted to the brick exterior as required by the building code and that a bolted awning would have supported the slight weight he applied. The awning was erected before 1940 and was originally attached with bolts. At some time, however, a painting contractor removed the awning and then reattached it using nails instead of bolts.

At the time of Newman's fall, Furse was 93 years old and bedridden. Although Furse oversaw the maintenance of her home and yard, there is no evidence that she instructed the painting contractor to reattach the awning with nails or that she ever learned that the contractor had done so. Newman himself testified that, from the ground, Furse could not have seen how the top flange of the awning was attached to the house. In addition, there is no evidence that the awning had ever sagged, buckled, or in any other way revealed that it was not attached in a secure manner.

Under Georgia law, an owner of land is liable to the owner's invitees "for injuries caused by [the owner's] failure to exercise

ordinary care in keeping the premises and approaches safe." OCGA § 51-3-1.

> An owner's obligation to keep the premises safe includes a duty to inspect the premises to discover possible dangerous conditions of which [the owner] does not know and to take reasonable precautions to protect the invitee from dangers which are foreseeable from the arrangement and use of the premises. Still, the owner's duty to exercise ordinary care is not a duty to absolutely prevent injury as [an owner] is not an ensurer of the safety of its [invitees]. The true ground of liability is the [owner's] superior knowledge of the perilous instrumentality and the danger therefrom to persons going upon the property.

(Citations and punctuation omitted.) *The Landings Assn. v. Williams*, 309 Ga. App. 321, 325 (1) (711 SE2d 294) (2011).

> The law only requires such diligence toward making the premises safe as the ordinarily prudent person in such matters is accustomed to use. And, ordinary diligence may not require an inspection where the owner does not have actual knowledge of the defect and there is nothing in the character of the premises indicating a defect.

(Citations and punctuation omitted.) *Wingo v. Harrison*, 268 Ga. App. 156, 160 (601 SE2d 507) (2004). See also *Hansen v. Cooper*, 253 Ga. App. 533, 536 (559 SE2d 740) (2002) ("To fulfill the duty to inspect premises to keep them safe from defects including hidden defects, the law requires only the exercise of ordinary care, not extraordinary care.") (citation omitted).

In this case, there is no evidence in the record that Furse had actual knowledge of the defect. In addition, there is no evidence that anything put Furse on notice that there might be a problem with how the awning was attached. As a result, there is no evidence from which a jury could find that Furse had constructive knowledge of the defect.[2] Because there is no material issue of fact regarding whether Furse had superior knowledge of the hazardous condition, the trial

---

[2] See *Wingo v. Harrison*, 268 Ga. App. at 158-160 (In a case where the plaintiff was injured in the collapse of a deck that was nailed, rather than bolted, to the owners' house, the trial court erred in denying the owners' motion for summary judgment because there was no evidence that the owners had actual knowledge of a problem with the deck and no evidence that they could have detected the defect through any reasonable inspection.); *Pulliam v. Southern Regional Medical Center*, 241 Ga. App. 285, 286-287 (1) (526 SE2d 573) (1999) (In a case where the plaintiff was injured when he fell down a ventilation shaft after an improperly

court erred in denying the Sipples' motion for summary judgment. *Wingo v. Harrison*, 268 Ga. App. at 160.

*Judgment reversed. Doyle, P. J., and Miller, J., concur.*

DECIDED JANUARY 12, 2012 —
RECONSIDERATION DENIED JANUARY 26, 2012.

*Brennan, Harris & Rominger, Edward R. Stabell III, Britton G. White*, for appellant.

*Noble L. Boykin, Jr.*, for appellee.

installed grate gave way, the trial court correctly granted the owner's motion for summary judgment because there was no evidence that the owner had actual knowledge of the defect and no evidence that it could have detected the defect through any reasonable inspection.); *Nelson v. Polk County Historical Society*, 216 Ga. App. 756, 759 (3) (456 SE2d 93) (1995) (In a case where the plaintiff was injured after falling from a ladder when an improperly attached awning gave way, the landlord was entitled to judgment as a matter of law because the undisputed evidence established that the landlord lacked actual knowledge of the negligent construction and because an untrained eye could not have discovered the defect by ordinary means.).