**SECOND DIVISION**
**ANDREWS, P. J.,**
**MILLER and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 2, 2015**

# In the Court of Appeals of Georgia

A15A0716. MCDONALD v. WEST POINT FOOD MART, INC.

ANDREWS, Presiding Judge.

Faye McDonald sued West Point Food Mart, Inc. alleging that injuries she suffered when she tripped and fell in a West Point-operated convenience store were proximately caused by West Point's failure to exercise ordinary care pursuant to OCGA § 51-3-1 to keep the store premises safe for her as an invited customer. The trial court granted summary judgment in favor of West Point, and McDonald appeals. For the following reasons, we affirm.

McDonald went to the convenience store nearly every day to buy lottery tickets. This time the store was crowded and she stood in the checkout line with other customers for about ten minutes to arrive at the sales counter to buy the tickets. She bought the tickets from the cashier at the sales counter and then turned from the

counter to exit the store. According to McDonald, when she turned from the counter, "I stepped back, my foot got hung on something, and I fell." McDonald did not look down and did not see what caught her foot. But another customer in the store at the time saw what happened and provided the following statement by affidavit:

> While in the West Point Food Mart store, I witnessed another customer set a case of beer on the floor while that customer was in line to check out. The case of beer was behind Faye McDonald. The Plaintiff, Faye McDonald, turned around and tripped over the case of beer. Upon tripping over the case of beer, she fell down.

McDonald testified that, while she was laying on the floor, the cashier came around the counter, and told her that she fell over some beer. The store operator, Lexander Singh, who was not present when McDonald fell, testified that a store cashier told him that a customer standing in line behind McDonald put a case of beer down on the floor, and that McDonald did not see the beer behind her on the floor and tripped and fell.[1] Singh also testified that he was aware that customers waiting in line to check out might sometimes sit a heavy shopping item on the floor.

The trial court granted summary judgment in favor of West Point on the basis that the store lacked superior knowledge of a hazard that caused the trip and fall. "To

---

[1] Even if this testimony was hearsay, in the absence of any hearsay objection it will be considered as evidence. OCGA § 24-8-802.

2

recover on a theory of premises liability [under OCGA § 51-3-1], a plaintiff must show injury caused by a hazard on . . . [the ] premises or approaches that the owner or occupier should have removed in the exercise of ordinary care for the safety of the invited public." *American Multi-Cinema, Inc. v. Brown*, 285 Ga. 442, 444 (679 SE2d 25) (2009). In *Robinson v. Kroger Co.*, 268 Ga. 735, 736-738 (493 SE2d 403) (1997), the Supreme Court reaffirmed that the fundamental basis for imposing liability for breach of the duty set forth in OCGA § 51-3-1 is proof that the premises owner or occupier had superior knowledge of such a hazard on the premises that caused harm to the invitee. Accordingly, to prove that West Point was liable on the basis that it had superior knowledge of a hazard, McDonald had the burden of proving: (1) that West Point had actual or constructive knowledge of a hazard which it should have removed or prevented in the exercise of ordinary care and which caused the trip and fall, and (2) that, despite exercising ordinary care for her own safety, McDonald lacked knowledge of the hazard due to West Point's actions or conditions under its control. *American Multi-Cinema*, 285 Ga. at 444; *Robinson*, 268 Ga. at 735; *Alterman Foods, Inc. v. Ligon*, 246 Ga. 620, 622-623 (272 SE2d 327) (1980).

There was evidence in the record sufficient to create a question of fact as to whether McDonald was exercising ordinary care for her own safety when she tripped

3

and fell without seeing the case of beer placed on the floor behind her. There was also hearsay testimony from McDonald and Singh (introduced without objection) that a cashier told them another customer in line behind McDonald put a case of beer down on the floor while waiting to check out, and that McDonald tripped on the case and fell as she turned from the sales counter to leave. Accordingly, there was some evidence creating a factual issue as to whether the store cashier had actual knowledge of the case of beer on the floor before McDonald tripped on it and fell.

On these facts, McDonald claims that the case of beer temporarily placed on the floor by another customer in the checkout line was a hazardous condition on the premises; that West Point had superior knowledge of the hazard; and that West Point is liable for her injuries because it failed to exercise ordinary care pursuant to OCGA § 51-3-1 to remove the hazard, or prevent it from occurring, to keep the premises safe. According to McDonald, a jury could find: (1) that a West Point store cashier saw the customer put the beer down and should have immediately removed or warned about the hazard; or (2) that West Point should have prevented the hazard by providing customers with shopping carts or baskets to carry items; or (3) that West Point should have put up signs warning customers about the potential hazard and instructing customers not to place items on the floor.

4

The duty imposed under OCGA § 51–3–1 does not make a premises owner an insurer of an invitee's safety – rather, it "requires the exercise of ordinary care to protect the invitee from unreasonable risks of harm of which the premises owner has superior knowledge." *Ferguson v. Premier Homes, Inc.*, 303 Ga. App. 614, 616 (695 SE2d 56) (2010); *Robinson*, 268 Ga. at 740.

> The owner/occupier is not required [under OCGA § 51–3–1] to warrant the safety of all persons from all things, but to exercise the diligence toward making the premises safe that a good business person is accustomed to use in such matters. This includes . . . taking reasonable precautions to protect invitees from dangers foreseeable from the arrangement or use of the premises.

Id. (citations and punctuation omitted).

As Singh acknowledged, it is undisputed that a customer standing in line to check out at the convenience store might sometimes temporarily place an item on the floor while waiting to move forward in the line to check out. But even assuming that this sometimes happened, and that West Point knew it sometimes happened, there was no evidence that this occasional and temporary condition on the premises had ever previously caused harm. There was no evidence as to how often store customers placed items on the floor while waiting in line to check out, or how long an item might be left on the floor before the customer picked it up to move forward in the

5

line. There was no evidence that any customer at the store had ever previously tripped or fallen over an item temporarily placed on the floor by another customer waiting in the checkout line or anywhere else in the store. Even if the safety measures suggested by McDonald – warning about items temporarily placed on the floor by customers or providing convenience store customers with carts or baskets to carry items – could have reduced the risk of harm from this condition, the duty of ordinary care under OCGA § 51-3-1 did not require West Point to undertake these measures to guard against the possibility that a customer could be harmed by the condition.

> Exactly what constitutes "ordinary care" varies with the circumstances and the magnitude of the danger to be guarded against. Since it is impossible to prescribe definite rules in advance for every combination of circumstances which may arise, the details of the standard must be filled in each particular case. But, to be negligent, the conduct must be unreasonable in light of the recognizable risk of harm. The particular standard of care to be applied and whether the owner breached that standard are usually issues to be decided by a jury. However, these issues may be decided by the court in plain and palpable cases where reasonable minds cannot differ as to the conclusion to be reached.

*Lau's Corp. v. Haskins*, 261 Ga. 491, 493 (405 SE2d 474) (1991) (citations and punctuation omitted). To conclude that West Point could be found negligent for failing to adopt these safety measures to attempt to eliminate or reduce the risk of injury from the condition at issue would be to impose a duty of extraordinary care,

6

and to require that West Point insure the safety of its customers from the remote possibility of an injury that had never previously occurred. The duty imposed under OCGA § 51-3-1 is not to exercise extraordinary care, but to exercise ordinary care to protect invitees from unreasonable risks of harm. *Robinson*, 268 Ga. at 740.

On the present record, we find as a matter of law that McDonald failed to produce evidence that the condition which caused her injury was a foreseeable danger or hazardous condition on the premises creating an unreasonable risk of harm. It follows that this is a plain and palpable case where reasonable minds cannot differ that West Point's failure to protect McDonald from being harmed by the shopping item temporarily placed on the floor by a customer behind her in the checkout line did not breach the duty under OCGA § 51-3-1 to exercise ordinary care to protect an invitee from an unreasonable risk of harm. *Robinson*, 268 Ga. at 740; *Ferguson*, 303 Ga. App. 616. Although the trial court granted summary judgment in favor of West Point for other reasons, we affirm under the right for any reason rule. OCGA § 9-11-56; *City of Gainesville v. Dodd*, 275 Ga. 834 (573 SE2d 369) (2002).

*Judgment affirmed. Branch, J., concurs. Miller, J., concurs in judgment only.*