**SECOND DIVISION**
**MILLER, P. J.,**
**MCFADDEN, P. J., and ANDREWS, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**May 7, 2018**

# In the Court of Appeals of Georgia

A18A0743. BI-LO, LLC v. GREEN, et al.

MILLER, Presiding Judge.

This case arises from a slip-and-fall accident inside one of Bi-Lo, LLC's grocery stores. On July 1, 2015, Mary Green ("Mary") was injured when she slipped on ice tea that had spilled in one of the aisles of the store. A jury awarded her and her husband, Ernest Green, damages as a result. Bi-Lo appeals, contending that the trial court erred in (1) denying its motion for directed verdict because it did not have a reasonable amount of time to clean the spill prior to Mary's fall; (2) refusing to give a jury charge as to the reasonable time permitted to clean the spill after notice of it; and (3) allowing the Greens's counsel to reference inadmissible hearsay in closing despite the court's prior order excluding hearsay. We conclude that the trial court erred in denying Bi-Lo's motion for directed verdict. Accordingly, we reverse.

We review a trial court's denial of a motion for directed verdict under the "any evidence" standard. *F.A.F. Motor Cars, Inc. v. Childers*, 181 Ga. App. 821 (354 SE2d 6) (1987).

So viewed, the evidence shows that the Greens were shopping for lunch at the Bi-Lo grocery store on July 1, 2015. As Mary entered the beverage aisle to get sodas, she slipped on ice tea that had spilled on the floor and fell. Prior to Mary's fall, a different customer notified a store manager of the spill in the beverage aisle. This spilled tea created a condition which Bi-Lo admits was unsafe. Pursuant to company policy, the manager placed a caution cone in front of the spill to warn customers of the condition. The customer who notified the manager of the spill placed an additional caution cone near the spill. These cones were 3-feet tall, yellow, and had the words "caution" and "wet floor" written on them. Also pursuant to company policy, after marking off the spill with the cones, the manager then left the area to instruct a courtesy clerk to clean the spill.

Mary admittedly was not looking at the floor as she walked down the aisle because her eyes were directed up towards the sodas she wanted to purchase. She did not notice the cones or the spill prior to her fall even after she successfully walked past the first cone. According to surveillance camera footage from inside the store,

the time between the manager receiving notice of the spill and learning that Mary had fallen was approximately 75 seconds.

The Greens sued Bi-Lo for negligence and loss of consortium. At trial, following the close of the Greens's evidence, and again at the close of all evidence, Bi-Lo moved for a directed verdict on the ground that it could not be liable as a matter of law because it did not have a reasonable time after notice of the spill to exercise care in cleaning it up. The trial court denied the motion both times. Following a jury verdict in the Greens's favor,[1] Bi-Lo appealed.

1. Bi-Lo contends that the trial court erred in denying its motion for directed verdict because, as a matter of law, it did not have a reasonable amount of time to clean the spill. We agree.

"If there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed." OCGA § 9-11-50 (a).

---

[1] The jury awarded Mary $250,000 and Ernest $50,000 for a total verdict of $300,000, but the jury also apportioned thirty percent fault to Mary. The trial court, accordingly, reduced the verdict by the percentage of fault attributed to Mary for an award of $175,000 to Mary and $35,000 to Ernest.

3

An owner or occupier of land has a duty to exercise ordinary care to keep the premises and approaches of its premises and approaches safe for invitees. OCGA § 51-3-1. Nevertheless,

> [t]he owner/occupier is not required under OCGA § 51-3-1 to warrant the safety of all persons from all things, but to exercise the diligence toward making the premises safe that a good business person is accustomed to use in such matters. This includes taking reasonable precautions to protect invitees from dangers foreseeable from the arrangement or use of the premises.

(Citation and punctuation omitted.) *Campbell v. Savannah Motors, Inc.*, 311 Ga. App. 460, 461 (1) (716 SE2d 534) (2011).

To recover in a slip-and-fall case, the plaintiff must "prove that: (1) the defendant had actual or constructive knowledge of the hazard; and (2) the plaintiff, despite exercising ordinary care for his or her own personal safety, lacked knowledge of the hazard due to the defendant's actions or to conditions under the defendant's control." (Citation and footnote omitted.) *American Multi-Cinema, Inc. v. Brown*, 285 Ga. 442, 444 (2) (679 SE2d 25) (2009).

Here, Bi-Lo had actual knowledge of the spilled tea once the manager received notice from the other customer. This spilled tea created a condition which Bi-Lo

admits was unsafe. Nonetheless, Georgia law recognizes that "absent some reason to be on notice of the likelihood of a given hazard arising, a proprietor is generally permitted a reasonable time after notice of a hazardous condition to exercise care in correcting such condition." *Pickering Corp. v. Goodwin*, 243 Ga. App. 831, 832-833 (534 SE2d 518) (2000). In *Pickering*, it was undisputed that the hazardous spill occurred only 90 seconds before the plaintiff's fall and that the mall learned of the spill almost immediately after it happened. Id. at 833. This Court found no evidence to create a jury issue as to the mall's conduct in the very brief window of time after receiving notice of the spill. Id. As *Pickering* correctly noted, "[i]t is a well settled principle of negligence law that the occurrence of an unfortunate event is not sufficient to authorize an inference of negligence." (Citation and punctuation omitted.) Id.

Here, the undisputed testimony and video evidence demonstrate that Bi-Lo immediately placed caution cones around the spill upon being notified of it, and that no more than 75 seconds elapsed between Bi-Lo's notice and Mary's fall. Although the Greens take issue with the nature of the manager's actions because she placed cones rather than standing over the spill, not only was this response in line with Bi-Lo's policy, but this Court has previously rejected a similar argument. In *Youngblood*

5

*v. All American Quality Foods, Inc.*, 338 Ga. App. 817, 821 (792 SE2d 417) (2016) (physical precedent only) cert. denied (May 1, 2017), a grocery store customer fell after a store employee received notice of a spill but before the spill was cleaned. The customer argued that the store could have done more to prevent the fall - such as having an employee stand over the spill while a co-worker retrieved a mop - and that this created a jury issue. This Court, however, held that such speculation did not change the fact that the store exercised ordinary care in responding to the spill within a reasonable time and thus, the customer was not entitled to have a jury consider the claim. Id. We find *Youngblood* persuasive and adopt its reasoning. See Court of Appeals Rule 33.2 (a) (1); *Amusement Sales, Inc. v. State*, 316 Ga. App. 727, 736 (2) (730 SE2d 430) (2012) ("Physical precedent may be cited as persuasive authority, just as foreign case law or learned treatises may be persuasive.") (citation and punctuation omitted).

Here, given the incredibly short window of time between Bi-Lo's notice of the spilled tea and Mary's fall, the evidence demanded a finding that Bi-Lo did not have a reasonable amount of time after notice of the hazardous condition to exercise care in correcting such condition prior to Mary's fall. See *Pickering Corp.*, 243 Ga. App.

6

831 at 832-833. Consequently, the trial court erred in denying Bi-Lo's motion for a directed verdict.

2. Given our holding in Division 1, we need not reach Bi-Lo's remaining enumerations of error.

*Judgment reversed. McFadden, P.J., and Andrews, J., concur.*