**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and PINSON, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

***DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.***

**October 5, 2021**

# In the Court of Appeals of Georgia

A21A1036. MORAN v. TEAM ELITE REALTY, LLC.

MERCIER, Judge.

Linda Moran filed a lawsuit against Steve Canup and Team Elite Realty, LLC, alleging that she was injured after she fell due to a three-quarter inch depression in a porch floor while looking at a house owned by Canup and listed for sale by Team Elite. The defendants filed a joint motion for summary judgment arguing that they did not have actual or constructive knowledge of the depression. Moran appeals the trial's court grant of summary judgment.[1] Finding no error, we affirm.

---

[1] After the appeal had been transferred to this Court, the defendants filed a joint motion to correct an error in the orders granting summary judgment. Thereafter, the trial court issued "corrected" orders. Subsequently, Moran filed a second notice of appeal. As the corrected orders were filed after Moran filed her notice of appeal, the orders are nullities, and we lack jurisdiction over an appeal of the corrected orders. See *Haygood v. Head*, 305 Ga. App. 375, 379-380 (3) (699 SE2d 588) (2010). As such, we review only the orders filed prior to Moran's first notice of appeal.

"Summary judgment is appropriate when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. In evaluating whether summary judgment is proper, the evidence and all reasonable inferences drawn therefrom must be construed in the light most favorable to the nonmovant." *Norman v. Jones Lang Lasalle Americas*, 277 Ga. App. 621, 621 (627 SE2d 382) (2006) (citation and punctuation omitted). We conduct a de novo review of a grant of summary judgment. See id.

So viewed, the record shows the following. The house at issue, located in Winder, Georgia, was built in the 1930s Canup purchased the house in 1999 and rented it to tenants. In 2016, Canup decided to offer the house for sale, and Team Elite listed the property.

While looking at a real estate website, Moran came across the house, which was located nearby, and proceeded to drive to the house. She called the phone number on the for sale sign and spoke to Canup.[2] Moran testified that Canup gave her permission to walk around the property while she waited for him to arrive.

Prior to Canup's arrival, Moran walked on the back porch of the house. As she pivoted her foot, Moran felt like "something just grabbed" her foot, and she fell.

---

[2] Canup formed Team Elite in 2013.

There was nothing obstructing her view of the porch when she fell, and Moran does not contend that lighting was inadequate. Moran filed the underlying lawsuit for injuries sustained from her fall, claiming that the porch was defective due to a three-quarter inch depression in the floor.

In response to Canup and Team Elite's joint motion for summary judgment, Moran filed carpenter Scott Parsons' affidavit, wherein he averred that the depression "can only be revealed by using a level and ruler," and it cannot be seen by "the naked eye[.]"

"An owner's obligation to keep the premises safe includes a duty to inspect the premises to discover possible dangerous conditions of which the owner does not know and to take reasonable precautions to protect the invitee from dangers which are foreseeable from the arrangement and use of the premises." *Sipple v. Newman*, 313 Ga. App. 688, 690 (722 SE2d 348) (2012) (citation and punctuation omitted). However, "diligence may not require an inspection where the owner does not have actual knowledge of the defect and there is nothing in the character of the premises indicating a defect." Id. (citation and punctuation omitted).

Property owners do not ensure the safety of invitees, and "[t]he true ground of liability is the owner's superior knowledge of the perilous instrumentality and the

3

danger therefrom to persons going upon the property." *Sipple*, supra (citation and punctuation omitted). In order for Moran to recover from either Canup or Team Elite, she must show

> that their knowledge of the hazard that caused her injuries was superior to her own. In other words, she must present some evidence demonstrating that (1) the defendants had actual or constructive knowledge of the hazard and (2) she lacked knowledge of the hazard despite her exercise of ordinary care and that her lack of knowledge was due to conditions within the defendants' control.

*Norman*, supra at 623-624 (citations and punctuation omitted). In a premises liability suit such as this, defendants are entitled to summary judgment if there is no evidence that they had superior knowledge or the undisputed evidence demonstrates that the plaintiff's knowledge of the hazard was equal to or greater than that of the defendants. See id. at 624. Where the plaintiff alleges that a static condition (a condition that does not change and is dangerous only if someone fails to see it and walks into it) caused her to fall, the landowner's notice of the hazard is presumed. See *Strauss v. City of Lilburn*, 329 Ga. App. 361, 363 (765 SE2d 49) (2014). However, a landowner's constructive knowledge presumption can be rebutted with evidence that there was nothing readily observable indicating a defect. See *Lindsey v. Ga. Bldg.*

*Auth.*, 235 Ga. App. 718, 720 (1) (509 SE2d 749) (1998) (no constructive knowledge of static defect of a single raised brick on landing because it was, by plaintiff's "own admission, so difficult to detect").

Setting aside whether Team Elite, as the listing real estate company, would have any liability for Moran's fall, there is no evidence in the record that either Canup or Team Elite had actual knowledge of the slight depression in the porch prior to the fall. Canup testified that the porch appeared level to him and that no one had ever complained about it. Moreover, Canup did not build the house or the porch, or paint, level or resurface the porch.

Additionally, Moran testified that when she returned to the property with her attorney to look for the cause of her fall, she did not notice the depression until her attorney told her it existed. And Moran's expert averred that the defect could not be seen with a naked eye and required a level and a ruler to discover the defect. "Constructive knowledge can only be inferred with proof that the proprietor or its agent could have easily discovered and corrected the alleged hazard." *Lindsey*, supra. The unrefuted evidence that the depression could not be seen with the naked eye rebutted any presumption that Canup or Team Elite had constructive knowledge of the static defect. See id.

Where, as here, the defendants pierce the plaintiff's complaint by "demonstrating that there is no evidence to support at least one essential element of the plaintiff's case, the plaintiff cannot rest on allegations in his or her pleadings, but must point to specific, competent evidence giving rise to a triable issue." *Norman*, supra at 625 (1). Moran claims that Canup admitted in his deposition that he had superior knowledge of the defect. However, a review of the record reveals that Canup agreed that he had superior knowledge of the condition of the porch's concrete flooring compared to Moran, not that he had superior knowledge of the three-quarter inch depression.[3] See *Lee v. Food Lion*, 243 Ga. App. 819, 821 (534 SE2d 507)

---

[3] Specifically, Canup was asked:

Q: Okay. Certainly as between you, who owned the property since 1999 and who had traversed the property and who had - - was aware of the condition of the concrete surface, and Linda Moran, who had never been to the property before September 4, 2016, do you have any disagreement that you had superior knowledge of whatever the condition of that concrete flooring was as of September 4th, 2016?

A: I had been on the floor.

Q: Right. So you had superior knowledge as compared to Linda Moran; true?

6

(2000) ("The true basis of liability is the owner/occupier's superior knowledge of *the existence of a defective or hazardous condition*.") (emphasis supplied).

Moran also points to the expert affidavits she filed regarding the porch's alleged building code violations. Parsons averred that the "minimum residential building codes for the State of Georgia" require a consistent slope of 2%, but "[i]n the middle of the porch, the slope is greater than 2% and it rise[s] up as you leave the center of the porch instead of continuing to fall." Parsons did not aver that the porch violated the building codes, nor did he identify the specific code he referenced, and no codes were attached to his affidavit. Additionally, Moran filed an affidavit from architect Peter Combs who averred that the "elevation of the surface of the porch" violates the "NFPA 101 Life Safety Code" and the "ASTM International Standards." However, Combs did not state that those codes apply to the house, nor did he attach the referenced codes to his affidavit. As such, the record does not contain evidence that the depression violated any applicable building codes. See generally *Norman*, supra at 629 (2) (b) (when plaintiff failed to specify which building or safety codes the defendants allegedly violated, failed to request that the trial court take judicial

---

A: Yes.

7

notice of the code provisions, and failed to point to copies of the code provisions in the record, the alleged code violations did not give rise to negligence per se).

There is no evidence that Canup or Team Elite had actual knowledge of the defect. In addition, there is no evidence that anything put Canup or Team Elite on notice that there might be a problem with a depression of less than an inch in the porch that was only discernable with the use of a ruler and a level. As a result, there is no evidence from which a jury could find that Canup or Team Elite had constructive knowledge of the defect. Because there is no material issue of fact regarding whether Canup or Team Elite had superior knowledge of the hazardous condition, we affirm the trial court's grant of summary judgment.[4] See *Lindsey*, supra at 720 (1); *Sipple*, supra at 690-691 (summary judgment appropriate due to lack of evidence of actual or constructive knowledge of improperly attached awning because there was no evidence that the defect was visible from the ground or that landowner was put on notice); *Ballew v. Summerfield Hotel Corp.*, 255 Ga. App. 494, 496 (3) (565 SE2d 844) (2002) (when static condition defect of bump in carpet was difficult to observe, plaintiff could not establish hotel's constructive knowledge); compare

---

[4] While the trial court affirmed summary judgment on another ground, a grant of summary judgment must be affirmed if it is right for any reason. See *Luong v. Tran*, 280 Ga. App. 15, 17 (2) (633 SE2d 797) (2006).

*Strauss*, supra at 363-364 (where no dispute that City knew of static condition defect of single step riser, the fact that there had never been a prior fall did not rebut presumption of knowledge).

*Judgment affirmed. Dillard, P. J., and Pinson, J., concur.*